FILED

2009 JUL 13 PM 2:11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

William K. Hanagami, SBN 119832
THE HANAGAMI LAW FIRM
A PROFESSIONAL CORPORATION
21700 OXNARD STREET, SUITE 1150
WOODLAND HILLS, CA 91367-7572
(818) 716-8570
(818) 716-8569 *FAX*

Abram J. Zinberg, SBN 143399
412 OLIVE AVENUE, SUITE 528
HUNTINGTON BEACH 92648
(714) 960-9917
(714) 374-9802 *FAX*

Attorneys for Plaintiff and Qui Tam Relator,
James M. Swoben

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA, *ex rel* JAMES M. SWOBEN,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>SCAN HEALTH PLAN, a California corporation, fka SENIOR CARE ACTION NETWORK; SENIOR CARE ACTION NETWORK, a business entity, form unknown,<br><br>　　　　　Defendants. | CASE NO. CV09-5013 JFW (JEM)<br><br>COMPLAINT FOR VIOLATIONS OF FEDERAL FALSE CLAIMS ACT AND CALIFORNIA FALSE CLAIMS ACT; REQUEST FOR JURY TRIAL<br><br>[**UNDER SEAL** PER 31 U.S.C. § 3730(b)(2)] |

COMES NOW, Plaintiff and Qui Tam Relator James M. Swoben, individually and on behalf of the United States of America and the State of California, and alleges as follows:

## JURISDICTION AND VENUE

1.　　Plaintiff and Qui Tam Relator James M. Swoben (Swoben) files this action on behalf and in the name of the United States Government ("Government") seeking damages and civil penalties against the defendants for violations of 31 U.S.C. § 3729(a). Swoben also files this action on behalf and in the name of the State of California ("California") seeking damages

-1-

COMPLAINT

1. and civil penalties against the defendants for violations of California Government Code § 12651(a).

2. This Court's jurisdiction over the claims for violations of 31 U.S.C. § 3729(a) is based upon 31 U.S.C. § 3732(a). This Court's jurisdiction over the claims for violations of California Government Code § 12651(a) is based upon 31 U.S.C. § 3732(b).

3. Venue is vested in this Court under 31 U.S.C. § 3732(a) because at least one of the defendants transacts business in the Central District of California and many acts constituting violations of 31 U.S.C. § 3729(a) occurred in the Central District of California.

## THE PARTIES

4. Swoben is a resident and citizen of the United States, the State of California, and of this District. Swoben brings this action of behalf of the Government under 31 U.S.C. § 3730(b) and on behalf of California under California Government Code § 12652(c).

5. At all times relevant, the Government funded the Medicare program which provides payment of healthcare services for, among others, those 65 years or older. The Government provided a Medicare option known as Medicare+Choice, now known as Medicare Advantage, in which the eligible Medicare beneficiary could enroll with a managed care organization (MCO) contracted with the Government for a capitated rate paid by the Government that would provide at least those services provided to standard Medicare beneficiaries.

6. At all time relevant, California administered and partially funded the Medi-Cal program in which eligible Medi-Cal beneficiaries could enroll with a MCO contracted with California for a capitated rate paid by California that would provide at least those services provided to standard Medi-Cal beneficiaries. The Government also partially funded the Medi-Cal program as part of the Government's Medicaid program.

7. Defendant SCAN Health Plan is and was a corporation formed under the laws of the State of California, and transacted business in, among other places, the Central District of California. SCAN Health Plan was formerly known and doing business as Senior Care Action

1  Network. Defendant Senior Care Action Network is a business entity, form unknown, that
2  transacted business in, among other places, the Central District of California. Defendants
3  SCAN Health Plan and Senior Care Action Network are collectively referred in this Complaint
4  as "SCAN."

5      8.   At all times relevant, SCAN was and is a health maintenance organization
6  (HMO) that provides health care services in Southern California to the elderly covered under
7  Medicare. Between March 2004 and September 2006, Swoben was employed with SCAN.

## COMMON ALLEGATIONS

9.   During or after about 1984, SCAN was awarded a contract by the Government to operate as a Social HMO Demonstration Project ("Social HMO contract"). The purpose of the Social HMO Demonstration Project was to explore the viability of preventing or delaying older-adult institutionalization in skilled-nursing facilities by providing such eligible individuals with a combination of healthcare and personal care services, including homemaker services, personal-care services, adult day care, respite care, and medical transportation. SCAN served, among other places, the counties of Los Angeles, Riverside and San Bernardino. Under the terms of the Social HMO contract, SCAN agreed to provide such services to Medicare+Choice, now Medicare Advantage, beneficiaries for a monthly capitated payment paid by the Government. Plaintiff is informed and believes that during and after 2001, the Government paid SCAN an additional monthly capitated rate of approximately $800 per nursing home certifiable (NHC) beneficiary. Plaintiff is informed and believes that the Social HMO contract ended on or about December 31, 2007.

10.  During or about 2001, California awarded a contract to SCAN (the "Medi-Cal contract") to provide home and community-based long-term care to Medi-Cal beneficiaries that were 65 years of age or older and eligible for Medicare Parts A and B. The purpose of this contract was to keep senior citizens out of long-term placement in skilled-nursing facilities. The Medi-Cal contract was extended or renewed until about December 31, 2007. Plaintiff is informed and believes that SCAN received a monthly capitated rate of

approximately $3,300 per Medi-Cal beneficiary from Medi-Cal.

11. The services SCAN undertook and provided under its Social HMO contract with the Government contract were included in the scope of services SCAN was to provide under its Medi-Cal contract.

12. SCAN provided services to numerous patients that were beneficiaries under both the Medicare Social HMO contract and the Medi-Cal contract ("dual eligible beneficiaries"). During or about 2007, Swoben discovered that although SCAN undertook and provided such dual eligible beneficiaries the care and services that were covered and paid for by the Government under the Medicare Social HMO contract, SCAN continued to bill for and receive capitated monthly payments of approximately $3,300 per beneficiary from Medi-Cal without reduction in payment for the care and services SCAN undertook and provided under the Medicare Social HMO contract.

13. Under applicable law, Medicare is primary and Medi-Cal secondary in connection with the care and services undertook and rendered by SCAN to the dual eligible beneficiaries. Plaintiff is informed and believes that by law, or the terms of SCAN's contracts with the Government or California, SCAN was required to not bill, and/or not retain payments from, Medi-Cal for undertaking the services rendered to the dual eligible beneficiaries to the extent such services were covered and paid for under the Medicare Social HMO contract. Plaintiff is informed and believes that Medi-Cal's overpayments for dual eligible NHC beneficiaries amount to at least $800 per NHC beneficiary between 2001 and 2007 amounting to over $200 million.

14. SCAN's fraudulent billing practices included submitting cost reports and other financial reports to Medi-Cal that failed to disclose SCAN's receipts of monies from the Medicare Social HMO contract. SCAN's utilization of such fraudulent cost reports and other financial reports caused Medi-Cal to overpay SCAN for services it already undertook by virtue of the Medicare Social HMO contract, and concealed such overpayments. At all times relevant, SCAN was aware that such overpayments by Medi-Cal were due and owing to Medi-Cal, but SCAN continued to conceal said overpayments through the use of cost reports and

other financial reports that concealed the payments made under the Medicare Social HMO contract.

15. SCAN knew that its cost reports, loss ratio reports, and other financial reports submitted to Medi-Cal were fraudulent as evidenced by the fact that its outside actuaries refused to sign and approve such submissions.

## FIRST CLAIM FOR RELIEF

(Violation of 31 U.S.C. § 3729(a) against all defendants)

16. Plaintiff realleges and incorporates by reference all previous paragraphs of this complaint as though fully set forth at length.

17. At all times mentioned, SCAN routinely and repeatedly violated 31 U.S.C. § 3729(a)(1) by knowingly presenting and/or causing to present to agents, contractors or employees of the Government false and fraudulent billings for payment and approval.

18. At all times mentioned, SCAN routinely and repeatedly violated 31 U.S.C. § 3729(a)(2) by knowingly making, using, and/or causing to make or use false records and statements to get false and excessive billings paid or approved by Medicare and Medi-Cal.

19. At all times mentioned, SCAN routinely and repeatedly violated 31 U.S.C. § 3729(a)(4) by retaining and concealing the excessive capitated payments SCAN received for dual eligible beneficiaries.

20. At all times mentioned, SCAN routinely and repeatedly violated 31 U.S.C. § 3729(a)(7) by knowingly making, using and/or causing to make or use false records and statements to conceal, avoid, or decrease its obligation to return to the Medi-Cal program the excessive capitated payments SCAN received for dual eligible beneficiaries.

21. Swoben is informed and believes, and upon such information and belief alleges, that as a result of SCAN's concealments and use of false records and statements, Medi-Cal paid in excess of $200 million more than it would have if SCAN had properly and truthfully billed and reported, and revealed the excessive payments received for, dual eligible beneficiaries.

22. As a result of SCAN's conduct, SCAN is liable to the Government for three times the amount of damages sustained by the Government as a result of the false and fraudulent billing, reporting and concealment practices alleged above.

23. As a result of SCAN's conduct, 31 U.S.C. § 3729(a) provides that SCAN is liable to the Government for civil penalties between $5,000 and $10,000 for each such false and fraudulent billing, reporting and concealment.

24. Swoben is also entitled to recover his attorneys fees, costs and expenses from the SCAN pursuant to 31 U.S.C. § 3730(d).

## SECOND CLAIM FOR RELIEF

(Violation of California Government Code § 12651(a) against defendants)

25. Plaintiff realleges and incorporates by reference all previous paragraphs of this complaint as though fully set forth at length.

26. At all times mentioned, SCAN routinely and repeatedly violated California Government Code § 12651(a)(1) by knowingly presenting and/or causing to present to California employees, agents and/or contractors false and fraudulent billings for payment and approval.

27. At all times mentioned, defendants routinely and repeatedly violated California Government Code § 12651(a)(2) by knowingly making, using, and/or causing to make or use false records and statements to get false and excessive billings paid or approved by Medi-Cal.

28. At all times mentioned, SCAN routinely and repeatedly violated California Government Code § 12651(a)(4) by retaining and concealing the excessive capitated payments SCAN received for dual eligible beneficiaries.

29. At all times mentioned, SCAN routinely and repeatedly violated California Government Code § 12651(a)(7) by knowingly making, using and/or causing to make or use false records and statements to conceal, avoid, or decrease its obligation to return to the Medi-Cal program the excessive capitated payments SCAN received for dual eligible beneficiaries.

30. Swoben is informed and believes, and upon such information and belief alleges,

that as a result of SCAN's concealments and use of false records and statements, Medi-Cal paid in excess of $200 million more than it would have if SCAN had properly and truthfully billed and reported, and revealed the excessive payments received for, dual eligible beneficiaries.

31. As a result of SCAN's conduct, SCAN is liable to California for up to three times the amount of damages sustained by California as a result of the false and fraudulent billing, reporting and concealment practices alleged above.

32. As a result of SCAN's conduct, California Government Code §12651(a) provides that defendants are liable to California for civil penalties of up to $10,000 for each such false and fraudulent billing, reporting and concealment.

33. Swoben is also entitled to recover his attorneys fees, costs and expenses from SCAN pursuant to California Government Code § 12652(g)(8).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Qui Tam Relator James M. Swoben prays for relief as follows:

### FOR THE FIRST CLAIM FOR RELIEF

1. Treble the Government's damages according to proof;
2. Civil penalties according to proof;
3. A relator's award of up to 30% of the amounts recovered by or on behalf of the Government;

### FOR THE SECOND CLAIM FOR RELIEF

4. Treble the State of California's damages according to proof;
5. Civil penalties according to proof;
6. A relator's award of up to 50% of the amounts recovered by or on behalf of the State of California;

### FOR ALL CLAIMS FOR RELIEF

7. Attorneys fees, expenses, and costs; and

COMPLAINT

8. Such other and further relief as the Court deems just and proper.

THE HANAGAMI LAW FIRM
A Professional Corporation

Dated: July 9, 2009    By: /s/ William K. Hanagami
William K. Hanagami
Attorneys for Plaintiff and Qui Tam Relator,
James M. Swoben

## REQUEST FOR JURY TRIAL

Plaintiff and Qui Tam Relator James M. Swoben hereby requests a trial by jury.

THE HANAGAMI LAW FIRM
A Professional Corporation

Dated: July 9, 2009    By: /s/ William K. Hanagami
William K. Hanagami
Attorneys for Plaintiff and Qui Tam Relator,
James M. Swoben

Complaint.P01.wpd

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

**CV09- 5013 JFW (JEMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

[Under seal per 31 U.S.C. sec. 3730(b)(2)]

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
United States of America, State of California, James M. Swoben

**DEFENDANTS**
SCAN Health Plan, Senior Care Action Network

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
William K. Hanagami, THE HANAGAMI LAW FIRM, A.P.C.
21700 Oxnard Street, Suite 1150
Woodland Hills, CA 91367-7572   (818) 716-8570

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☑ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ 600,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
False Claims Act (31 U.S.C. sections 3729, et seq.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: CV09-5013

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _/s/_ Date July 9 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |