1  HOGAN LOVELLS US LLP
   Paul B. Salvaty (Bar No. 171507)
2  paul.salvaty@hoganlovells.com
   David W. Skaar (Bar No. 265377)
3  david.skaar@hoganlovells.com
   1999 Avenue of the Stars, Suite 1400
4  Los Angeles, California  90067
   Telephone:  (310) 785-4600
5  Facsimile:   (310) 785-4601

6  Michael C. Theis (*pro hac vice*)
   michael.theis@hoganlovells.com
7  Emily M. Lyons (*pro hac vice*)
   emily.lyons@hoganlovells.com
8  1601 Wewatta Street, Suite 900
   Denver, Colorado 80202
9  Telephone:  (303) 899-7300
   Facsimile:   (303) 899-7333
10

11 Jessica L. Ellsworth (*pro hac vice*)
   jessica.ellsworth@hoganlovells.com
12 555 Thirteenth Street NW
   Washington, DC 20004
13 Telephone:  (202) 637-5886
   Facsimile:   (202) 637-5910

14 Attorneys for Defendants HealthCare Partners,
   LLC, HealthCare Partners Medical Group, Inc., and
15 HealthCare Partners Independent Physician
   Association
16

           UNITED STATES DISTRICT COURT
17
           CENTRAL DISTRICT OF CALIFORNIA
18

19 UNITED STATES OF AMERICA and          Case No.  09-CV-5013-JFW (JEMx)
   STATE OF CALIFORNIA, *ex rel.*
20 JAMES M. SWOBEN,                       **NOTICE OF MOTION AND**
                                          **DEFENDANTS HEALTHCARE**
21         Plaintiffs,                     **PARTNERS, LLC AND**
                                          **HEALTHCARE PARTNERS**
22 v.                                     **MEDICAL GROUP, INC.'S MOTION**
                                          **TO DISMISS FOURTH AMENDED**
23 SCAN HEALTH PLAN, a California         **COMPLAINT; MEMORANDUM OF**
   corporation, fka SENIOR CARE          **POINTS AND AUTHORITIES**
24 ACTION NETWORK, et al.,
                                         Date:     September 18,  2017
25         Defendants.                   Time:     1:30 p.m.
                                         Place:   Courtroom 16
26                                       Trial Date:  November 27, 2018
                                         Judge:  Hon. John F. Walter
27
                                         [Filed concurrently with: [Proposed]
28                                       Order]

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

                                         MOTION OF DEFENDANT HEALTHCARE
                                         PARTNERS TO DISMISS RELATOR'S
                                         FOURTH AMENDED COMPLAINT

\\DE - 037987/000010 - 3077160 v17

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 18, 2017 at 1:30 p.m., or as soon thereafter as this matter may be heard in Department 16 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California 90012, before the Honorable John F. Walter, Defendants HealthCare Partners, LLC and HealthCare Partners Medical Group, Inc. (collectively, "HealthCare Partners" or "HCP") will and hereby do move the Court, pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure, for an Order dismissing certain claims contained in the Fourth Amended Complaint filed by Relator James M. Swoben on the grounds that they fail to state a claim upon which relief can be granted because the claims contained therein are barred by the statute of repose ("Motion") or because they were waived due to Relator's failure to assert them on appeal.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the pleadings, records, and files herein, and such oral argument as the Court may consider at the hearing.

This motion is made pursuant to Local Rule 7-3, following a conference of counsel which took place on July 6, 2017.

Dated:     July 14, 2017                    HOGAN LOVELLS US LLP


By: /s/Michael C. Theis
      Michael C. Theis
      Attorneys for Defendants
      HealthCare Partners, LLC,
      HealthCare Partners Medical Group,
      Inc.

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

-1-

MOTION OF DEFENDANT HEALTHCARE
PARTNERS TO DISMISS RELATOR'S
FOURTH AMENDED COMPLAINT

\\DE - 037987/000010 - 3077160 v17

# TABLE OF CONTENTS

I. INTRODUCTION ...........................................................................................1

II. BACKGROUND ............................................................................................2

    A. Relator's Original Through Third Amended Complaints .................2

    B. The Motion to Dismiss the Third Amended Complaint and
       Subsequent Appeal ..........................................................................3

    C. The Fourth Amended Complaint ....................................................5

III. PLEADING STANDARD ..............................................................................5

IV. ARGUMENT .................................................................................................7

    A. The FCA's ten-year time limitation is a statute of repose that bars
       Relator's claims prior to March 13, 2007. ......................................8

       1. The FCA's ten-year limitation is a statute of repose. ..............8

       2. Statutes of repose are absolute temporal bars and are not
          subject to equitable tolling. ....................................................10

       3. The ten-year statute of repose bars absolutely Relator's claims
          prior to March 13, 2007. ........................................................12

    B. The FCA's six-year statute of limitations would bar Relator's claims
       for alleged violations before July 12, 2007. .................................13

    C. The principle of relation-back under Rule 15(c) allows Relator to
       allege claims only from 2008 forward. ..........................................14

    D. Applying the FCA's statutes of repose and limitations in this case
       appropriately serves the underlying policy purpose of preventing
       stale claims. ....................................................................................17

    E. Relator waived his "reverse false claims" theory by failing to raise
       those claims on appeal. ...................................................................18

V. CONCLUSION ............................................................................................19

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

\\DE - 037987/000010 - 3077160 v17

-i-

MOTION OF DEFENDANT HEALTHCARE
PARTNERS TO DISMISS RELATOR'S
FOURTH AMENDED COMPLAINT

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ASARCO, LLC v. Union Pac. R.R. Co.*,
  765 F.3d 999 (9th Cir. 2014) ................................................................. 6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................... 6

*Azer v. Connell*,
  306 F.3d 930 (9th Cir. 2002) ............................................................... 17

*United States ex rel. Bauchwitz v. Holloman*,
  671 F. Supp. 2d 674 (E.D. Pa. 2009) ................................................... 16

*United States ex rel. Bidani v. Lewis*,
  No. 97 C6502, 1999 WL 163053 (N.D. Ill. Mar. 12, 1999) ................. 9

*Brittain v. Sheriff of Riverside Cty.*,
  No. CV 05-1075-R, 2011 WL 6149287 (C.D. Cal. Dec. 9, 2011) ...................... 19

*Brown v. Megg*,
  857 F.3d 287 (5th Cir. 2017) ............................................................... 12

*California Pub. Emps. Ret. Sys. (CalPERS) v. ANZ Sec., Inc.*,
  137 S. Ct. 2042 (2017) ...................................................................*passim*

*United States ex rel. Carter v. Halliburton Co.*,
  144 F. Supp. 3d 869, 883 (E.D. Va. 2015) ............................................ 9

*United States ex rel. Cericola v. Federal Nat'l Mortg. Assoc.*,
  529 F. Supp. 2d 1139 (C.D. Cal. 2007) ................................................. 9

*Christian Legal Soc'y Chapter of Univ. of Calif. (CLS) v. Wu*,
  626 F.3d 483 (9th Cir. 2010) ............................................................... 19

*United States ex rel. Costa v. Baker & Taylor, Inc.*,
  No. C-95-1825-VRW, 1998 WL 230979 (N.D. Cal. Mar. 20, 1998) .................. 9

*CTS Corp. v. Waldburger*,
  134 S. Ct. 2175 (2014) ...................................................................*passim*

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

-ii-

MOTION OF DEFENDANT HEALTHCARE
PARTNERS TO DISMISS RELATOR'S
FOURTH AMENDED COMPLAINT

\\DE - 037987/000010 - 3077160 v17

NORMAL

*United States ex rel. Daniel C. Richardson v. Bristol-Myers Squibb Co.*,
    No. 1:06-cv-11821-NG, 2009 WL 5186847 (D. Mass. Sept. 19, 2009) .................................................................................. 15

*Facebook, Inc. v. Power Ventures, Inc.*,
    No. 08-CV-05780-LHK, 2017 WL 1650608 (N.D. Cal. May 2, 2017) ...................................................................................... 19

*Gabelli v. S.E.C.*,
    568 U.S. 442 (2013) .................................................................. 8

*United States ex rel. Hyatt v. Northrup Corp.*,
    91 F.3d 1211 .............................................................................. 18

*Jablon v. Dean Witter & Co.*,
    614 F.2d 677 (9th Cir. 1980) ..................................................... 7

*Jones v. Bock*,
    549 U.S. 199 (2007) .................................................................. 6

*Kellogg Brown & Root Servs., Inc. v. United States, ex rel. Carter*,
    135 S. Ct. 1970 (2015) ............................................................ 10

*Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*,
    501 U.S. 350 (1991) .................................................. 10, 11, 17

*United States ex rel. Lee v. Corinthian Colls*,
    No. CV 07-1984 PSG, 2012 WL 12878361 (C.D. Cal. Apr. 19, 2012) ................................................................................ 15, 16

*Lozano v. Montoya Alvarez*,
    134 S. Ct. 1224 (2014) ............................................................ 11

*Martell v. Trilogy Ltd.*,
    872 F.2d 322 (9th Cir. 1989) ................................................... 15

*Merck & Co., Inc. v. Reynolds*,
    559 U.S. 633 (2010) ................................................................ 10

*United States ex rel. Miller v. Bill Harbert Int'l Constr. Inc.*,
    505 F. Supp. 2d 1 (D.D.C. 2007) ............................................ 18

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

-iii-

MOTION OF DEFENDANT HEALTHCARE
PARTNERS TO DISMISS RELATOR'S
FOURTH AMENDED COMPLAINT

\\DE - 037987/000010 - 3077160 v17

*Moore v. State of Ind.*,
  999 F.2d 1125 (7th Cir. 1993) ....................................................................... 11

*In re Neff*,
  824 F.3d 1181 (9th Cir. 2016) ....................................................................... 17

*Oja v. United States Army Corps of Eng'rs*,
  440 F.3d 1122 (9th Cir. 2006) ................................................................ 15, 16

*United States ex rel. Purcell v. MWI Corp.*,
  254 F. Supp. 2d 69 (D.D.C. 2003) ................................................................ 14

*Quaak v. Dexia, S.A.*,
  445 F. Supp. 2d 130 (D. Mass. 2006) ............................................................ 15

*Sams v. Yahoo! Inc.*,
  713 F.3d 1175 (9th Cir. 2013) ......................................................................... 6

*Smith v. United States*,
  287 F.2d 299 (5th Cir. 1961) ........................................................................ 16

*Supermail Cargo, Inc. v. United States*,
  68 F.3d 1204 (9th Cir. 1995) ........................................................................... 7

*Swoben v. United HealthCare Inc. Co.*,
  848 F.3d 1161 (9th Cir. 2016), ECF No. 68 ................................................ 4, 5

*Swoben v. United HealthCare Ins. Co.*,
  832 F.3d 1084 (9th Cir. Aug. 10, 2016), *amended by*, 848 F.3d
  1161 (9th Cir. Dec. 16, 2016) ....................................................................... 19

*United States ex rel. Trice v. Westinghouse Hanford Co.*,
  No. 96-CS-171-WFN, 2000 WL 34024248 (E.D. Wash. Mar. 1,
  2000) ................................................................................................................ 6

*Udom v. Fonseca*,
  846 F.2d 1236 (9th Cir. 1988) ......................................................................... 7

*United States v. Kaplan, Inc.*,
  517 F. App'x 534 (9th Cir. 2013), *aff'd.* 2017 WL 1075428 (9th
  Cir. Mar. 22, 2017) ....................................................................................... 14

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

\\DE - 037987/000010 - 3077160 v17

-iv-

MOTION OF DEFENDANT HEALTHCARE
PARTNERS TO DISMISS RELATOR'S
FOURTH AMENDED COMPLAINT

*United States v. Marolf*,
   173 F.3d 1213 (9th Cir. 1999) ....................................................................... 17, 18

*Volks USA Inc. v. A2 Hosting, Inc.*,
   CV16-4277-CAS(Ex), 2016 WL 6808113 (C.D. Cal Nov. 16, 2016) ................. 6

*Wells Fargo Bank, N.A. v. Renz*,
   No. C 08–02561–SBA, 2011 WL 97649 (N.D. Cal. Jan. 12, 2011) ................... 14

*Young v. United States*,
   535 U.S. 43 (2002) ........................................................................................... 17

**Statutes**

15 U.S.C. § 77m ..................................................................................................... 9

31 U.S.C. § 3729(a)(1)(G) ........................................................................ 5, 7, 8, 19

31 U.S.C. § 3730(b) ............................................................................................... 7

31 U.S.C. § 3731(b) ............................................................................................... 1

31 U.S.C. § 3731(b)(1) ................................................................................... 13, 14

31 U.S.C. § 3731(b)(2) ...................................................................................*passim*

Sarbanes-Oxley Act of 2002, Pub. L. 107-204, 116 Stat. 801 ............................... 10

**Other Authorities**

42 C.F.R. § 422.504(l) ........................................................................................... 4

4 C. Wright & A. Miller, Federal Practice and Procedure § 1056 (3d
   ed. 2002) ...................................................................................................... 11, 13

Fed. R. Civ. P. 3 ................................................................................................... 12

Fed. R. Civ. P. 12(b)(6) ...................................................................................*passim*

Fed. R. Civ. P. 15(c)(1)(B)
   ........................................................................................................... 1, 14, 17, 20

Restatement (Second) of Torts § 899, Comment ................................................... 11

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

-v-

MOTION OF DEFENDANT HEALTHCARE
PARTNERS TO DISMISS RELATOR'S
FOURTH AMENDED COMPLAINT

\\DE - 037987/000010 - 3077160 v17

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3       After nearly eight years of litigation since he commenced this suit, Relator

4   James M. Swoben ("Relator") filed a Fourth Amended Complaint ("FAC") on

5   March 13, 2017.  The FAC alleges that Defendants HealthCare Partners, LLC and

6   HealthCare Partners Medical Group, Inc. (collectively, "HealthCare Partners" or

7   "HCP") caused the presentation to the United States of false claims over a period of

8   time that extends back to the beginning of 2005.  To the extent that Relator asserts

9   claims and causes of action based on violations of the False Claims Act ("FCA")

10   that occurred more than ten years prior to the filing of the FAC, the FCA's statute

11   of repose bars his claims.  *See* 31 U.S.C. § 3731(b).  As the Supreme Court recently

12   held, a statute of repose like that found in the FCA cannot be equitably tolled.

13   *California Pub. Emps. Ret. Sys. (CalPERS) v. ANZ Sec., Inc.*, 137 S. Ct. 2042

14   (2017).  Nor does "relation back" pursuant to Fed. R. Civ. P. 15(c)(1)(B) help

15   Relator.  Rule 15(c)(1)(B) is of no use to Relator because the Relator's predecessor

16   complaint (the Third Amended Complaint) alleges that HCP violated the FCA

17   starting in 2008—not in 2005 as he now contends.  Rule 15 does not permit relation

18   back to a claim or cause of action not alleged in the previous complaint.  As a

19   result, Relator's claims arising from alleged violations that took place prior to

20   March 13, 2007—10 years prior to his March 13, 2017 FAC—must be dismissed.

21   The facts alleged in the FAC demonstrate that Relator is barred from bringing these

22   claims.

23       Independently, Relator's "reverse" false claims allegations should be

24   dismissed in their entirety because Relator waived his ability to bring such claims

25   by failing to reassert them on appeal after this Court dismissed the reverse-false-

26   claims theory Relator asserted in the Third Amended Complaint.

27

28

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

-1-

MOTION OF DEFENDANT HEALTHCARE
PARTNERS TO DISMISS RELATOR'S
FOURTH AMENDED COMPLAINT

\\DE - 037987/000010 - 3077160 v17

## II.   **BACKGROUND**

### A.   **Relator's Original Through Third Amended Complaints**

Relator filed his original *qui tam* Complaint ("Complaint") under seal on July 19, 2009 solely against his former employer Scan Health Plan and Senior Care Action Network ("SCAN").  ECF No. 1.  In his Complaint, Relator alleged violations of the FCA arising from duplicative or overlapping payments from both Medicare and Medi-Cal for certain of the health care services that SCAN provided to its members.  Compl. ¶¶ 12, 14.

On September 30, 2009, Relator filed a First Amended Complaint under seal that added several new defendants to the case, including various SCAN and UnitedHealth-related entities.  First Am. Compl., ECF No. 11.  The First Amended Complaint also made new allegations about a practice described as "up-coding." *Id.* ¶¶ 35–60.  The First Amended Complaint alleged that SCAN and UnitedHealth employed retrospective reviews that were designed to identify only additional diagnoses that would be submitted to CMS for risk adjustment purposes, and thereby drive higher risk scores that would increase the capitated payments made by the federal government under the Medicare Advantage ("MA") program.  *Id.* ¶¶ 36, 37, 41.

Just over a year later, Relator again sought and obtained leave to file a Second Amended Complaint under seal, which he filed on October 19, 2010.  Second Am. Compl., ECF No. 23.  The Second Amended Complaint did not vary substantially from the First Amended Complaint, but it added allegations of "False Diagnosis Reporting."  *Id.* ¶¶ 84–115.

More than two years after filing his original Complaint, Relator sought and obtained leave to file a Third Amended Complaint ("TAC"), which he filed under seal on November 23, 2011.  Third Am. Compl, ECF No. 37.  The TAC was the first pleading to name HCP as a defendant.  The TAC added several new defendants, including WellPoint, Aetna, Health Net, and HCP.  *Id.*  In the TAC,

Relator alleged that, starting in 2008, WellPoint, Aetna, Health Net and HCP also engaged in the practice of performing retrospective reviews that were designed to capture additional diagnosis codes to be submitted to CMS but not to identify previously submitted codes that should be withdrawn for lack of support in the medical record. *Id.* ¶¶ 120–46.

In August 2012, the United States (the "Government") intervened, but only as to the SCAN defendants and only for the purpose of consummating a settlement with those defendants. In January 2013, the Government declined to intervene in the remainder of the action. *See* Order re Election by the United States of America and the State of California to Decline Intervention as to Non-Scan Defendants and re Unsealing of the Complaints, ECF No. 57. The TAC was then unsealed and served on the remaining defendants, including HCP, which was served in April 2013. Order and Proof of Service, ECF Nos. 57 and 58. Thus, in April 2013, HCP became aware, for the first time, of Relator's claims against HCP.

In December 2012, shortly before the TAC was unsealed, HCP was acquired by DaVita Inc. ("DaVita").

**B.    The Motion to Dismiss the Third Amended Complaint and Subsequent Appeal**

In June 2013, HCP and the other remaining defendants moved to dismiss the TAC on the grounds that Relator had failed to state his "up-coding" and "delivery of property" claims with the particularity required by Rule 9(b). Mot. to Dismiss at 7, 11, ECF No. 111. Relator responded with a filing that "respectfully request[ed] 30 days leave to file [a] Fourth Amended Complaint" because of "the summer vacation schedule of counsel," and noted that he "intend[ed] to seek leave to partially file the Fourth Amended Complaint under seal." Opp'n to Mot. to Dismiss at 7, ECF No. 115. Relator did not file a proposed Fourth Amended Complaint with the motion for leave (under seal or otherwise). And his response did not oppose the pending motions. Opp'n to Mot. to Dismiss, ECF No. 115.

1   Instead, it indicated that he intended to supplement his "up-coding" claims with

2   additional facts.  *Id.* at 7.  In light of Relator's response, the Court issued an Order

3   to Show Cause ("OSC") requiring Relator to file a "declaration by July 12, 2013

4   that describes in detail the proposed Fourth Amended Complaint and why such an

5   amendment would not be futile or denied due to evidence of a lack of diligence or

6   undue delay."  Order to Show Cause, ECF No. 116 at 1.  On July 12, 2013,

7   Relator's counsel submitted a declaration in response to the OSC (the "Hanagami

8   Declaration"), which proposed additional and "materially new allegations" that

9   Relator would incorporate in support of Relator's "up-coding" claims if he were

10  permitted to file the FAC.  Decl. of W. Hanagami, ECF No. 118, ¶ 4.  Relator's

11  counsel described the "current draft" of his "proposed Fourth Amended Complaint"

12  to which he noted he "intend[ed] to add allegations" that "ha[d] not yet [been]

13  completed" as of the filing.  *Id.* at 2 & nn.1–2.  For the first time, Relator's counsel

14  indicated in the Hanagami Declaration that Relator intended to allege wrongdoing

15  by HCP dating back to 2005, not 2008 as alleged in the TAC.  *Id.* ¶ 20.

16        On July 30, 2013, the Court granted defendants' motions to dismiss, with

17  prejudice, on the grounds that Relator had failed to plead his claims with the

18  required specificity and that amendment would be futile.  Order Granting Mot. to

19  Dismiss, ECF No. 133.

20        Relator appealed.  Following the initial briefing and oral argument in the

21  United States Court of Appeals for the Ninth Circuit, the Government sought and

22  obtained leave to file an *amicus curiae* brief supporting Relator's position that he

23  should have been permitted to file the FAC.  The Government argued that HCP

24  submitted false certifications to the Centers for Medicare and Medicaid Services

25  under 42 C.F.R. § 422.504(l).  *See* Brief for the United States as Amicus Curiae in

26  Support of Appellant at 15–17, *Swoben v. United HealthCare Inc. Co.*, 848 F.3d

27  1161 (9th Cir. 2016) (No. 13-56746), ECF No. 68.  The Government also

28  contended that what it described as HCP's "one-way" reviews of medical charts

1  resulted in overpayments actionable under the reverse false claims provision in the

2  FCA.  *See id.* at 19; 31 U.S.C. § 3729(a)(1)(G).

3      On August 20, 2016, the Ninth Circuit ultimately vacated this Court's

4  judgment and remanded with instructions to permit Relator to proceed with filing

5  his FAC.  The Ninth Circuit expressly refused to address Relator's reverse false

6  claims theory, noting that "Swoben … did not rely on that provision in his opening

7  and reply briefs . . . ."  *Swoben*, 848 F.3d at 1172 n.6.

8      ### C.    The Fourth Amended Complaint

9      On March 13, 2017, Relator filed a 16-page FAC.  ECF No. 251.  Relator

10  alleged that HCP and other defendants had violated the FCA "during and after

11  2005."  *Id.* ¶ 39.  On March 16, 2017, the parties stipulated to allow the

12  Government to intervene in this matter, as to the UnitedHealth defendants, and the

13  Court granted the parties' request.  Joint Stipulation and Order, ECF Nos. 253, 254.

14  The Government did not intervene as to HCP.  *Id.* On May 1, 2017, the

15  Government filed its Complaint-in-Intervention against the UnitedHealth

16  defendants and not against HCP.  ECF No. 296.  Thus, more than eight years after

17  Relator's first Complaint was originally filed, DaVita, on behalf of HCP, is now

18  facing claims for actions that occurred as many as twelve years ago by a company

19  that DaVita did not own or control at any time period alleged in the FAC.

20      Relator's FAC should be dismissed and limited to allegations stemming from

21  conduct after March 13, 2007.  Allegations raising earlier claims are barred by the

22  FCA's statute of repose.

23  ## III.    PLEADING STANDARD

24      Although the FAC alleges claims dating from "about 2005 to at least 2012,"

25  Relator's claims for violations of the FCA that allegedly occurred prior to

26  March 13, 2007 are time barred.  Fed R. Civ. P. 12(b)(6) is the appropriate

27  mechanism to dismiss claims that are barred by the statutes of limitations where it

28  is apparent from the face of the complaint that those claims are time barred.  *See*

1   *Jones v. Bock*, 549 U.S. 199, 215 (2007) (holding that a Rule 12(b)(6) motion to

2   dismiss asserting an affirmative statute of limitations defense is appropriate when

3   the relief requested is barred by the applicable statute of limitations); *Sams v.*

4   *Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) ("[T]he assertion of an

5   affirmative defense may be considered properly on a motion to dismiss where the

6   'allegations in the complaint suffice to establish' the defense") (quoting *Jones*, 549

7   U.S. at 215).

8   　　　　To survive a motion to dismiss, a complaint must contain sufficient factual

9   matter, accepted as true, to "state a claim to relief that is plausible on its face."

10  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

11  *Twombly*, 550 U.S. 544, 570 (2007)).  Here, Relator must "plead[] factual content

12  that allows the court to draw the reasonable inference that" Relator's claims are not

13  time-barred.  *Id.* (citing *Twombly*, 550 U.S. at 556).   "To grant a Rule 12(b)(6)

14  motion on the basis of an affirmative defense, the facts establishing that defense

15  must (i) 'be definitively ascertainable from the complaint and other allowable

16  sources of information,' and (ii) 'suffice to establish the affirmative defense with

17  certitude.'"  *Volks USA Inc. v. A2 Hosting, Inc.*, CV16-4277-CAS(Ex), 2016 WL

18  6808113, at *7 (C.D. Cal Nov. 16, 2016) (quoting William W. Schwarzer,

19  A. Wallace Tashima & James M. Wagstaffe, California Practice Guide: Federal

20  Civil Procedure Before Trial § 9:193.5 (2016)).  To meet this standard, a defendant

21  must show "some obvious bar to securing relief" on face of complaint.  *ASARCO,*

22  *LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014); *see also United*

23  *States ex rel. Trice v. Westinghouse Hanford Co.*, No. 96-CS-171-WFN, 2000 WL

24  34024248, at *12 (E.D. Wash. Mar. 1, 2000) (finding the allegations in the

25  complaint clearly supported that

26  　　"[t]he six year statute of limitations applies to [the] Third Amended
    Complaint. Therefore, any claims of FCA violations by Defendants

27  　　prior to March 19, 1990 are time-barred."

28

HCP meets this burden.  There is an obvious bar to Relator securing relief on claims based on conduct that occurred before March 13, 2007.  On its face, the FAC shows that Relator's claims prior to March 13, 2007 are time-barred because they extend beyond the FCA's ten-year statute of repose.  As a result, these claims must be dismissed under Rule 12(b)(6).  *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss."); *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995) ("A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove . . . [any] set of facts that would establish the timeliness of the claim.") (internal quotation marks and citation omitted).  Because the FAC does not allege any facts sufficient to render "it impervious to a motion to dismiss based on a statute of limitations defense," the FAC must be dismissed as to any claims prior to March 13, 2007.  *Udom v. Fonseca*, 846 F.2d 1236, 1238 (9th Cir. 1988) (denying plaintiff's attempt to plead facts to provide a basis for tolling in a motion for reconsideration of the district court's granting defendant's motion to dismiss on statute of limitations grounds).

## IV.  ARGUMENT

The FCA contains expressly provides:

A civil action under Section 3730 may not be brought—

(1)  more than 6 years after the date on which the violation of **Section 3729** is committed, or

(2)  more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed, whichever occurs last.

31 U.S.C. § 3730(b).

Thus, the statute contains two statutes of limitations:  a bar on bringing a

civil action more than six years after the date when a violation of Section 3729 is committed, or more than three years after discovery of that violation.   It also contains a statute of repose providing that an action may be brought "in no event more than 10 years after the date on which the violation is committed." 31 U.S.C. § 3731(b)(2).  "The pairing of a shorter statute of limitations and a longer statute of repose is a common feature of statutory time limits."  *CalPERS*, 137 S. Ct. at 2045; *see also Gabelli v. S.E.C.*, 568 U.S. 442, 453 (2013) ("[S]tatutes applying a discovery rule in the context of Government suits often couple that rule with an absolute provision for repose.").  Here, the ten-year statute of repose bars absolutely Relators' claims prior to March 13, 2007.  Accordingly, all allegations in the FAC that involve conduct occurring prior to March 13, 2007 must be dismissed pursuant to Rule 12(b)(6).

In addition, pursuant to basic waiver principles, Relator has waived his "reverse" false claims allegations by failing to reassert them on appeal; those claims should be dismissed for this additional reason.

### A.   The FCA's ten-year time limitation is a statute of repose that bars Relator's claims prior to March 13, 2007.

The FCA's ten-year time limitation is a statute of repose that bars Relator's claims prior to March 13, 2007, and the ten-year limitation is an absolute limitation that is not subject to equitable tolling under recent Supreme Court precedent.

### 1.   The FCA's ten-year limitation is a statute of repose.

The FCA provides that a civil action may be brought "*in no event* more than 10 years after the date on which the violation is committed." 31 U.S.C. § 3731(b)(2) (emphasis added).  In *CalPERS*, the Supreme Court held that a similarly worded statutory-time limitation in the Securities Act of 1933 ("Securities Act") is a statute of repose that cannot be equitably tolled.  137 S. Ct. at 2045, 2055.  The analogous provision in the Securities Act provides:  "In no event shall any such action be brought to enforce a liability created under [§ 11] more than

1   three years after the security was bona fide offered to the public. . . ."  15 U.S.C.

2   § 77m.  "This instruction," the Court held, "admits of no exception and on its face

3   creates a fixed bar against future liability."  *CalPERS*, 137 S. Ct. at 2049.

4        Like the statute of repose at issue in the Securities Act analyzed in *CalPERS*,

5   the 10-year time limitation in the FCA "provides in clear terms that '[i]n no event'

6   shall an action be brought more than" a specified time after the triggering event.

7   *See id*.  Also, like the three-year time limitation in the Securities Act, the FCA's

8   ten-year limitation "runs from the defendant's last culpable act" *id*. at 2045 (*i.e.*, the

9   "date on which the violation is committed," Section 3731(b)(2)), and not from the

10  accrual of the claim (*i.e.*, the plaintiff's discovery of facts material to the right of

11  action).  *See CalPERS*, 137 S. Ct. at 2049 (observing that whereas statutes of

12  limitations begin to run when the cause of action accrues, typically when the injury

13  occurred or was discovered, statutes of repose begin to run on the date of the

14  defendant's last culpable act or omission); 31 U.S.C. § 3731(b)(2).  "This point is

15  close to a dispositive indication that the statute is one of repose."  *CalPERS*, 137

16  S. Ct. at 2049; *see also CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2183 (2014).

17  The language of the FCA dictates the same outcome here as in *CalPERS*.

18       Moreover, federal courts recognize that the FCA's 10-year limit in the FCA

19  is "statute of repose."  *See United States ex rel. Carter v. Halliburton Co.*, 144

20  F. Supp. 3d 869, 883 (E.D. Va. 2015) (citing 31 U.S.C. § 3731(b)); *United States ex

21  rel. Cericola v. Federal Nat'l Mortg. Assoc.*, 529 F. Supp. 2d 1139, 1147 (C.D. Cal.

22  2007) ("[I]f the fraud is concealed, plaintiffs may bring an action within three years

23  after the facts material to the right of action are known or reasonably should have

24  been known to the official charged with acting on the violation, *subject to a ten-

25  year statute of repose*.") (emphasis added); *United States ex rel. Costa v. Baker &

26  Taylor, Inc.*, No. C-95-1825-VRW, 1998 WL 230979, at *3 (N.D. Cal. Mar. 20,

27  1998) (same); *United States ex rel. Bidani v. Lewis*, No. 97 C6502, 1999 WL

28  163053, at *5 (N.D. Ill. Mar. 12, 1999) (concluding "the 10–year limitation period

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

-9-

MOTION OF DEFENDANT HEALTHCARE
PARTNERS TO DISMISS RELATOR'S
FOURTH AMENDED COMPLAINT

\\DE - 037987/000010 - 3077160 v17

1  contained in § 3731(b)(2) is clearly intended as a statute of repose related to a

2  tolling provision"); *see also Kellogg Brown & Root Servs., Inc. v. United States, ex*

3  *rel. Carter*, 135 S. Ct. 1970, 1974 (2015) ("In no circumstances, however, may a

4  suit be brought more than 10 years after the date of a violation.").

5          **2.**      **Statutes of repose are absolute temporal bars and are not**

6                    **subject to equitable tolling.**

7        Whereas statutes of limitations are designed "to encourage plaintiffs to

8  pursue diligent prosecution of known claims," statutes of repose are "enacted to

9  give more explicit and certain protection to defendants."  *CalPERS*, 137 S. Ct. at

10  2049 (internal quotation marks omitted).  A statute of repose "puts an outer limit on

11  the right to bring a civil action."  *CTS Corp.*, 134 S. Ct. at 2182.  A repose

12  provision, in other words, operates as a "cutoff."  *Lampf, Pleva, Lipkind, Prupis &*

13  *Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991), *superseded on other grounds by*

14  *statute,* Sarbanes-Oxley Act of 2002, Pub. L. 107-204, 116 Stat. 801, *as recognized*

15  *in Merck & Co., Inc. v. Reynolds*, 559 U.S. 633 (2010).  "The purpose of a statute

16  of repose is to create and 'absolute bar on a defendant's temporal liability,'"

17  *CalPERS*, 137 S. Ct. at 2050 (citing *CTS Corp.*, 134 S. Ct. at 2183), and "to allow

18  more certainty and reliability" in the marketplace.  *CalPERS*, 137 S. Ct. at 2055.

19  "These statutes effect a legislative judgment that a defendant should be free from

20  liability after the legislatively determined period of time."  *Id*. at 2049 (internal

21  quotation marks and citation omitted).  "By establishing a fixed limit, a statute of

22  repose implements a 'legislative decisio[n] that as a matter of policy there should be

23  a specific time beyond which a defendant should no longer be subjected to

24  protracted liability.'"  *Id*. at 2051 (quoting *CTS Corp.* 134 S. Ct. at 2183). "The

25  unqualified nature of that determination supersedes the courts' residual authority

26  and forecloses the extension of the statutory period based on equitable principles."

27  *CalPERS*, 137 S. Ct. at 2051.  The Supreme Court "repeatedly has stated in broad

28  terms that statutes of repose are not subject to equitable tolling." *Id*. (citing *CTS*

1     *Corp.* 134 S. Ct. at 2183; *Lampf*, 501 U.S. at 363).

2          Statutes of repose displace the traditional power of the courts to modify

3     statutory limits in the name of equity through tolling.  *See CalPERS*, 137 S. Ct. at

4     2046; *Lampf*, 501 U.S. at 363 ("[A] period of repose [is] inconsistent with tolling");

5     4 C. Wright & A. Miller, Federal Practice and Procedure § 1056, p. 240 (3d ed.

6     2002) ("[A] critical distinction is that a repose period is fixed and its expiration will

7     not be delayed by estoppel or tolling"); Restatement (Second) of Torts § 899,

8     Comment g (1979) (noting that a statute of repose bars "any cause of action . . .

9     regardless of usual reasons for 'tolling' the statute").  The doctrine of equitable

10     tolling focuses on the *plaintiff* and "pauses the running of, or 'tolls,' a statute of

11     limitations when a litigant has pursued his rights diligently but some extraordinary

12     circumstance prevents him from bringing a timely action."  *Lozano v. Montoya*

13     *Alvarez*, 134 S. Ct. 1224, 1231–32 (2014).  The doctrine is inapplicable to statutes

14     of repose precisely because such statutes are enacted to give more explicit and

15     certain protection to defendants.  *See CalPERS*, 137 S. Ct. at 2045.  "[T]he object

16     of a statute of repose, to grant complete peace to defendants, supersedes the

17     application of a tolling rule based in equity."  *Id.* at 2052.  Cases in which courts

18     have treated a complaint as if it were filed on the day it is tendered to the court

19     along with a motion for leave to amend are therefore inapposite.  *Cf.*, *e.g.*, *Moore v.*

20     *State of Ind.*, 999 F.2d 1125, 1131 (7th Cir. 1993) (allowing tolling upon filing of

21     proposed amended complaint).  As the Supreme Court held in *CalPERS*, the

22     "generic notice" that is provided to a defendant by service of a class-action

23     complaint may be sufficient to toll a statute of limitations, but does not toll a statute

24     of repose, because such a statute "supersedes a court's equitable balancing powers

25     by setting a fixed time period for claims to end."  *CalPERS*, 137 S. Ct. at 2053.

26     The same reasoning applies to Relator's tender of the Hanagami Declaration; it

27     does not toll the statute of repose.

28

**3.    The ten-year statute of repose bars absolutely Relator's claims prior to March 13, 2007.**

The FCA's statute of repose provides than an "action" must be "brought" within 10 years of the relevant violation.  Relator's cause of action for the violations of the FCA that he alleges HCP committed from 2005 through 2007 was not "brought" until the FAC was actually filed on March 13, 2017.  An "action" is not "brought" until "a particular complaint is filed in a particular court."  *Id.* at 2054.  *See also* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").  The term "action" refers to a judicial "proceeding," not the general content of the claims.  *See Brown v. Megg*, 857 F.3d 287, 290 (5th Cir. 2017) (citing *Action*, Black's Law Dictionary (10th ed. 2014) (defining "action" as a "civil or criminal judicial proceeding")).  The filing of the Hanagami Declaration in 2013 was not sufficient to commence the "action" seeking a remedy for violations of the FCA allegedly committed in 2005, 2006 and 2007.  Indeed, the very fact that Relator argued that he "should be granted leave to amend his complaint," ECF No. 115 at 6 (capitalization removed), reflects his recognition that *until* leave was granted, his amended complaint was not yet and could not be filed.  Relator's July 8, 2013 filing "respectfully request[ed] 30 days leave to file his Fourth Amended Complaint" because of "the summer vacation schedule of counsel," and noted that he "intend[ed] to seek leave to partially file the Fourth Amended Complaint under seal."  *Id.* at 7. Relator did not file a proposed Fourth Amended Complaint with the motion for leave (under seal or otherwise).  And his request for an additional 30 days demonstrates that such a complaint did not even exist at the time.

In July 2013, the Court ordered Relator to show cause why sanctions should not be imposed for his failing to notify Defendants that he would seek leave to amend rather than oppose their motions to dismiss.  In response, Relator's counsel filed a declaration in which he described the "current draft" of his "proposed Fourth

1    Amended Complaint" while noting that he "intend[ed] to add allegations" that

2    "ha[d] not yet [been] completed" as of the filing.  ECF No. 118, at 2 & nn.1–2.  He

3    did *not* ask that the Hanagami Declaration be treated as the operative complaint in

4    the case—a step that would presumably have foreclosed him from making his

5    intended further amendments.  Under these circumstances, it cannot be said that

6    Relator "brought" the action by filing the Hanagami Declaration.

7          Relator "brought" the present action against HCP when he filed his FAC on

8    March 13, 2017.  No weight should be given to the fact that the Relator tendered a

9    proposed amendment in a declaration filed in 2013 because the law is clear that

10   statutes of repose are not amenable to tolling.  This is true "even in cases of

11   extraordinary circumstances beyond a plaintiff's control," such as the wrongful

12   denial of a motion for leave to amend.  *See CTS Corp.*, 134 S. Ct. at 2183; *see also*

13   *CalPERS*, 137 S. Ct. at 2051 ("[T]he Court repeatedly has stated in broad terms that

14   statutes of repose are not subject to equitable tolling"); 4 C. Wright & A. Miller,

15   Federal Practice and Procedure § 1056, p. 240 (3d ed. 2002) ("[A] repose period is

16   fixed and its expiration will not be delayed by estoppel or tolling").  Indeed, the

17   same result should obtain even if Relator had submitted a draft of his proposed

18   amended complaint along with his motion for leave to amend, which he did not.

19   *See CTS Corp.*, 134 S. Ct. at 2183; *CalPERS*, 137 S. Ct. at 2051.

20         Relator cannot bring claims older than March 13, 2007, ten years prior to the

21   March 13, 2017 filing date of the FAC.  *See* 31 U.S.C. § 3731(b)(2) (An FCA

22   action can be brought "in no event more than 10 years after the date on which the

23   violation is committed.").

24   **B.    The FCA's six-year statute of limitations would bar Relator's**
**       claims for alleged violations before July 12, 2007.**
25

26         Relator fares no better by relying upon the six-year statute of limitations in

27   the FCA.  31 U.S.C. § 3731(b)(1).  That provision prohibits a civil action from

28   being brought under the Act "more than 6 years after the date on which the

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

-13-

MOTION OF DEFENDANT HEALTHCARE
PARTNERS TO DISMISS RELATOR'S
FOURTH AMENDED COMPLAINT

\\DE - 037987/000010 - 3077160 v17

1   violation" is committed.  31 U.S.C. § 3731(b)(1).  Even if the filing in 2013 of

2   Relator's motion for leave to amend, and the subsequent filing of the Hanagami

3   Declaration, served to toll the six-year statute of *limitations*, *see, e.g., Wells Fargo*

4   *Bank, N.A. v. Renz*, No. C 08–02561–SBA, 2011 WL 97649, at *8 (N.D. Cal. Jan.

5   12, 2011) (statute of limitations tolled by motion for leave to amend accompanied

6   by proposed amended complaint that provides notice of the substance of those

7   amendments), Relator would still be barred from bringing claims for violations that

8   occurred before July 12, 2007 (six years prior to the filing of the Hanagami

9   Declaration on July 12, 2013).  An action for violations committed before July 12,

10   2007 would still have been brought "more than 6 years after the date on which the

11   violation" was committed, and such claims would be barred by the Act.  31 U.S.C

12   § 3731(b)(1).

### C.   The principle of relation-back under Rule 15(c) allows Relator to allege claims only from 2008 forward.

15       Neither does Relator benefit from the relation-back principles codified in

16   Fed. R. Civ. P. 15(c)(1)(B).  Rule 15(c)(1) permits an amended complaint to "relate

17   back to the date of the original pleading," but only to the extent that the amendment

18   asserts a claim or defense "that arose out of the conduct, transaction, or occurrence

19   set out—or attempted to be set out— in the original pleading."  Fed. R. Civ. P.

20   15(c)(1)(B).

> "To determine whether amendments should relate back, courts look to see whether the complaint gave the opposing party notice of the new claim.  If the alteration is so substantial that it cannot be said that defendant was given adequate notice . . . then the amendment will not relate back and will be time barred if the limitations period has expired."

*United States ex rel. Purcell v. MWI Corp.*, 254 F. Supp. 2d 69, 75 (D.D.C. 2003)

(internal quotation marks and citation omitted); *see also United States v. Kaplan,*

*Inc.*, 517 F. App'x 534, 536 (9th Cir. 2013), *aff'd.* 2017 WL 1075428 (9th Cir.

Mar. 22, 2017) (new allegations that do not arise "out of the conduct, transaction, or

occurrence set out—or attempted to be set out—in the original pleading" cannot relate back) (quoting Fed. R. Civ. P. 15(c)(1)(B)); *Oja v. United States Army Corps of Eng'rs,*, 440 F.3d 1122, 1133–34 (9th Cir. 2006)  (prohibiting relation back where the second amended complaint alleged new claims "distinct in time" and excluded from the first amended complaint).  Where a party amends the complaint to allege a new or different claim or defense, "[t]he court is to determine whether the amendment is transactionally related to the original pleading." *Martell v. Trilogy Ltd.*, 872 F.2d 322, 324 (9th Cir. 1989).  The relevant inquiry is "whether [the TAC and FAC claims] share a common core of operative facts sufficient to impart fair notice of the transaction, occurrence, or conduct called into question." *Id.* at 326–27.

It is important to note, however, that "[c]ourts have routinely refused to allow an amendment to relate back where, as here, it alleges a more expansive time period" than that contained in the original complaint.  *United States ex rel. Daniel C. Richardson v. Bristol-Myers Squibb Co.*, No. 1:06-cv-11821-NG, 2009 WL 5186847, at *18 n.16 (D. Mass. Sept. 19, 2009) (citing *United States ex rel. Health Outcomes Tech. v. Hallmark Health Sys., Inc.*, 409 F. Supp. 2d 43, 53 (D. Mass. 2006); *In re Xchange Inc. Sec. Litig.*, No. CIV.A.00-10322-RWZ, 2002 WL 1969661, at *4 (D. Mass. Aug. 26, 2002)).  Indeed, "[c]ases are legion which refuse to allow relation back when the new allegations go beyond the time-frame of the original complaint." *Quaak v. Dexia, S.A.*, 445 F. Supp.  2d 130, 138 (D. Mass. 2006).  Applying these principles in the FCA context, courts have held that "each false certification of compliance . . . constitute[s] a separate violation of the False Claims Act." *United States ex rel. Lee v. Corinthian Colls*, No. CV 07-1984 PSG (MANx), 2012 WL 12878361, at *4 (C.D. Cal. Apr. 19, 2012).  Accordingly, courts decline to allow amendments to relate back where the amendment alleges the presentation of false claims outside the time period alleged in the original complaint.  Rather, each false claim is treated—as it should be—as an individual

violation which independently starts the statute of limitations running on a cause of action to remedy that violation.  *E.g.*, *Lee*, 2012 WL 122878361, at *4; *Smith v. United States*, 287 F.2d 299, 304 (5th Cir. 1961) ("The 'act' in question is the filing of the false claim."); *United States ex rel. Bauchwitz v. Holloman*, 671 F. Supp. 2d 674, 687 (E.D. Pa. 2009) ("[W]here there are multiple false claims . . . the statute of limitations for each claim runs from the date each claim accrued.").  *Cf. Oja*, 440 F.3d at 1134–35  (each act of disclosure is a distinct violation of the Privacy Act which triggers the statutory limitations period).

The claims set forth in the TAC allege conduct only from 2008 forward.  *See, e.g.*, TAC ¶¶ 124 ("During or after June 2008," HCP "utilized software, HCC Manager, to evaluate claims data and reviewed the medical charts of more than 125,000 of HealthCare Partners' patients with severe illnesses."), 128 ("During or about 2008–2011, HealthCare Partners and defendant HMOs submitted to the Government and California the diagnosis codes determined by HealthCare Partners' reviews, knowing that the effect of such submissions would only increase the number of diagnoses, and thus artificially inflate their respective risk scores and capitated payments.").  By contrast, the FAC alleges violations of the FCA "during and after 2005."  FAC ¶ 39.  Therefore, if the FAC relates back to the filing of the TAC on November 23, 2011 (the first complaint that alleged violations committed by HCP), Relator could bring claims arising out of the conduct, transaction or occurrence set forth, or attempted to be set forth, in TAC—*i.e.*, claims during the period from 2008 to 2011.  *See* TAC ¶¶ 128, 131, and 132 (ECF No. 37).  The FAC contains allegations for violations that allegedly occurred in 2005, 2006 and 2007.  The FAC alleges three additional years of violations never before alleged by Relator.  Those claims cannot relate back to the filing date of the TAC for statute of limitations purposes.  They are new claims raised for the first time in the FAC.  Rule 15(c)(1)(B) would allow Relator to relate back to the TAC, but only for claims arising in the period from 2008 forward.

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

-16-

MOTION OF DEFENDANT HEALTHCARE PARTNERS TO DISMISS RELATOR'S FOURTH AMENDED COMPLAINT

\\DE - 037987/000010 - 3077160 v17

**D.    Applying the FCA's statutes of repose and limitations in this case appropriately serves the underlying policy purpose of preventing stale claims.**

A statute of repose "effect[s] a legislative judgment that a defendant should 'be free from liability after the legislatively determined period of time.'" *CTS Corp.*, 134 S. Ct. at 2183 (citation omitted).  A statute of repose is thus intended "to give more explicit and certain protection to defendants" and, ultimately, to provide an "outside limit" on a defendant's temporal liability.  *CalPERS*, 137 S. Ct. at 2049 (quoting *Lampf*, 501 U.S. at 363).  Further, and unlike the equitable tolling permitted by a statute of limitations, a statute of repose "admits of no exception" and on its face creates a fixed bar against future liability.  *Id.* (analyzing "in no event" statutory language identical to that in 31 U.S.C. § 3731(b)(2)).  Thus, equitable tolling cannot apply to a statute of repose, even under extraordinary circumstances.  *See Lampf*, 501 U.S. at 363 ("[A] period of repose is inconsistent with tolling.").

A statute of limitations likewise "serve[s] the . . . policies of 'repose, elimination of stale claims, and certainty about a plaintiff's opportunity for recovery and a defendant's potential liabilities.'"  *Young v. United States*, 535 U.S. 43, 47 (2002).  Practically, a statute of limitations "is intended to prevent the assertion of old claims in opposition to which evidence has been lost, memories have faded, and witnesses have disappeared."  *United States v. Marolf*, 173 F.3d 1213, 1218 (9th Cir. 1999) (internal quotation marks omitted); *see In re Neff*, 824 F.3d 1181, 1185 (9th Cir. 2016) ("[S]tatutes of limitations encourage plaintiffs to pursue diligent prosecution of known claims, and thereby protect defendants against stale or unduly delayed claims.") (internal quotation marks and citation omitted); *see also Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) ("The purpose of a statute of limitation is to prevent assertion of stale claims against a defendant") (internal quotation marks and citation omitted).  Importantly, the FCA's statute of limitations is intended to serve these same purposes.  *See United States ex rel. Hyatt v. Northrup*

MOTION OF DEFENDANT HEALTHCARE PARTNERS TO DISMISS RELATOR'S FOURTH AMENDED COMPLAINT

\\DE – 037987/000010 – 3077160 v17

1    *Corp.*, 91 F.3d 1211,  1217; *United States ex rel. Miller v. Bill Harbert Int'l Constr.*
2    *Inc.*, 505 F. Supp. 2d 1, 6 (D.D.C. 2007) (noting that the FCA's statute of
3    limitations is designed for "protecting defendants and the courts from having to
4    deal with cases in which the search for truth may be seriously impaired by the loss
5    of evidence, whether by death or disappearance of witnesses, fading memories,
6    disappearance of documents, or otherwise").

7          HCP's current procedural posture is precisely the type of situation the FCA's
8    statutes of repose and limitations are intended to prevent.  First, the plain language
9    of the FCA reinforces its "legislative judgment that a defendant should be free from
10   liability after" ten years has passed. *CTS Corp.*, 134 S. Ct. at 2183 (internal
11   quotation marks and citation omitted); *see also* 31 U.S.C. § 3731(b)(2) (stating a
12   civil action may be brought "*in no event* more than 10 years after the date on which
13   the violation is committed") (emphasis added).  But here, twelve years have passed
14   since the earliest conduct alleged in the FAC.  Second, and because of Relator's
15   failure to diligently pursue his claims, HCP will be impaired in its ability
16   effectively to secure access to evidence and witnesses necessary to defend itself
17   against these claims. *See Marolf*, 173 F.3d at 1217–18.  Over the past twelve years,
18   employees have left and been replaced and memories have faded.  And now
19   DaVita, on behalf of HCP, is defending itself against twelve-year-old allegations
20   made against a company DaVita acquired in 2012—seven years after
21   commencement of the time period during which Relator now alleges violations of
22   the FCA.  The FCA's statutes of repose and limitations should be imposed to
23   protect HCP from Relator's stale claims.

24         **E.    Relator waived his "reverse false claims" theory by failing to raise**
25               **those claims on appeal.**

26         Relator's failure to appeal from dismissal with prejudice of his claim for
27   relief under 31 U.S.C. § 3729(a)(1)(G), the "reverse false claims" provision of the
28   Act, results in waiver of that claim for relief, and bars him from proceeding on that

theory on remand.  On July 30, 2013, this Court dismissed Relator's reverse-false-claims theory with prejudice:  Order Granting Mot. to Dismiss at 9, ECF No. 133 ("[T]he third and ninth claims for relief in Swoben's Third Amended Complaint are dismissed without leave to amend."); TAC ¶ 133 (asserting claims under Section 3729(a)(7), the predecessor to Section 3729(a)(1)(G)); *see also* FAC ¶¶ 39(iii), (iv). Relator did not appeal the dismissal of those claims.  Whereas the government, as amicus curiae, "argue[d] the defendants' conduct violate[d] § 3729(a)(1)(G), known as the 'reverse false claims' provision[,]" Relator "did not rely on that provision in his opening and reply briefs," and the Ninth Circuit, therefore, "d[id] not address it."  *Swoben v. United HealthCare Ins. Co.*, 832 F.3d 1084, 1093 n.6 (9th Cir. Aug. 10, 2016), *amended by*, 848 F.3d 1161 (9th Cir. Dec. 16, 2016).

Relator's failure to raise this issue on appeal constitutes a waiver of the claim for the balance of the case.  *See, e.g.*, *Christian Legal Soc'y Chapter of Univ. of Calif. (CLS) v. Wu*, 626 F.3d 483, 488 (9th Cir. 2010) (holding that CLS's failure to raise a claim regarding selective application of non-discrimination policy in its initial appeal resulted in waiver of the argument); *Brittain v. Sheriff of Riverside Cty.*, No. CV 05-1075-R, 2011 WL 6149287, at *1 (C.D. Cal. Dec. 9, 2011) ("When a party fails to raise issues in the opening brief, those issues are waived, and a remand on issues which were raised does not include the waived issues."); *cf. Facebook, Inc. v. Power Ventures, Inc.*, No. 08-CV-05780-LHK, 2017 WL 1650608, at *10 (N.D. Cal. May 2, 2017) (refusing to consider on remand an issue "already resolved prior to appeal, that [appellant] did not raise on appeal, and upon which the Ninth Circuit did not opine.").  Accordingly, Relator's reverse false claims theory additionally should be dismissed on the basis of waiver.

## V.   <u>CONCLUSION</u>

For the reasons outlined above, the FCA's ten-year statute of repose bars Relator's claims prior to March 13, 2007.  Likewise, the FCA's six-year statute of limitation does not apply because it does not allow Relator to allege claims prior to

1   July 12, 2007.  And Relator cannot avoid this outcome through the application of

2   the relation-back doctrine in Rule 15(c)(1)(B) because the FAC adds entirely new

3   claims by expanding the time frame for the alleged violations to three years not

4   included in the prior complaint.  For these reasons all allegations in the FAC that

5   involve conduct occurring prior to March 13, 2007 must be dismissed under Rule

6   12(b)(6).  Relator's reverse false claims theory should be dismissed for the

7   additional reason that he waived the argument by failing to challenge this Court's

8   dismissal of those claims on appeal.

9   Dated:  July 14, 2017                         HOGAN LOVELLS US LLP

10

11                                                By: /s/Michael C. Theis

12                                                      Michael C. Theis
                                                        Attorneys for Defendants
13                                                      HealthCare Partners, LLC,
                                                        HealthCare Partners Medical Group,
14                                                      Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

-20-

MOTION OF DEFENDANT HEALTHCARE
PARTNERS TO DISMISS RELATOR'S
FOURTH AMENDED COMPLAINT

\\DE - 037987/000010 - 3077160 v17