CHAD A. READLER
Acting Assistant Attorney General, Civil Division
SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
DAVID K. BARRETT
LINDA A. KONTOS
JOHN E. LEE (CBN 128696)
Assistant United States Attorneys
    300 N. Los Angeles Street, Room 7516
    Los Angeles, California 90012
    Tel: (213) 894-3995; Fax: (213) 894-7819
    Email: john.lee2@usdoj.gov
MICHAEL D. GRANSTON
DANIEL R. ANDERSON
CAROL L. WALLACK
JUSTIN DRAYCOTT
JESSICA KRIEG
Attorneys, Civil Division
United States Department of Justice
    P.O. Box 261, Ben Franklin Station
    Washington, D.C. 20044
    Tel: (202) 307-0486; Fax: (202) 307-3852
    E-mail:  carol.wallack@usdoj.gov
JAMES P. KENNEDY, JR.
Acting United States Attorney
KATHLEEN ANN LYNCH
Assistant United States Attorney
(Admitted Pro Hac Vice)
    138 Delaware Avenue
    Buffalo, New York 14201
    Tel: (716) 843-5830; Fax: (716) 551-3052
    E-mail:  kathleen.lynch@usdoj.gov
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JAMES M. SWOBEN,<br><br>    Plaintiffs,<br><br>    v.<br><br>SECURE HORIZONS, a business entity, form unknown, *et al.*,<br><br>    Defendants. | No. CV 09-5013 JFW (JEMx)<br><br>[~~PROPOED~~] STIPULATED PROTECTIVE ORDER GOVERNING THE TREATMENT OF PROTECTED INFORMATION |

Discovery in this action is likely to involve production of Personally Identifiable Information, Protected Health Information, and certain other Confidential Information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**Definitions and Preliminary Matters**

1. "Document" means and includes all items listed in Federal Rules of Civil Procedure 34(a)(1)(A) and (B), including but not limited to deposition testimony, discovery responses and other materials, oral or written, including all copies and excerpts thereof. "Discovery Material" includes answers and responses to interrogatories, answers and responses to requests for production or admissions, deposition transcripts or videos, and materials previously provided to the United States in any investigation underlying this action.

2. "Personally Identifiable Information" or "PII" means Social Security numbers, tax identification numbers, birth dates, and financial account numbers for which redacted filings are permitted by Rule 5.2 of the Federal Rules of Civil Procedure.

3. "Protected Health Information" or "PHI" means certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number or other identifying number, including HIC number) that may be subject to the Privacy Act, 5 U.S.C. § 552a, to the provisions

of 45 C.F.R. §§ 164.102–164.534, to the provisions of 42 U.S.C. § 1306, or for which there may be no waiver by the patient to disclose the information to a person who or entity which is not a Party to the above-captioned action.

  a. The Court finds that this Order is a "qualified protective order" within the meaning of 45 C.F.R. § 164.512(e)(1)(v).

  b. The Parties may produce PHI in accordance with this Protective Order pursuant to their obligations to make disclosures under Federal Rule of Civil Procedure 26(a) and in response to discovery requests in this litigation. All individually identifiable health information shall be designated "CONFIDENTIAL" and may be used and/or disclosed in accordance with the terms of this Protective Order and 45 C.F.R. § 164.512(e)(1)(v).

4. "Covered Entity or Entities" means "covered entity" as defined in 45 C.F.R. § 160.103.

5. "Proprietary Information" means information not already publically available that constitutes: (i) any information subject to protection under the Privacy Act, 5 U.S.C. § 552a or the Trade Secrets Act, 18 U.S.C. § 1905, (ii) trade secret or other confidential research, development, or commercial information entitled to protection under Fed. R. Civ. P. 26(c)(1)(G), or (iii) any other information entitled to be filed under seal in the above-captioned action pursuant to Paragraph 9 of the Court's February 8, 2017 Amended Standing Order ("Amended Standing Order") because the producing party can demonstrate "compelling reasons supported by specific facts or legal justification that the document or type of information should be protected."

6. "Litigation" includes all appellate proceedings or the expiration of time to commence such appellate proceedings related to this action.

7. Information designated as "Confidential" pursuant to this Protective Order (hereinafter "Confidential Information") shall be information that contains PII, PHI or Proprietary Information.

8. Information designated as "Attorneys' Eyes Only" pursuant to this

Protective Order (hereinafter "Attorneys' Eyes Only Information") includes discovery materials that (a) constitute Proprietary Information as defined in Paragraph 5 and (b) the designating party believes in good faith to be extremely confidential and/or sensitive in nature, and shall be treated in accordance with Paragraph 21 and other Paragraphs of this Order.

**Designation of Confidential Information**

9. **Documents.** The parties shall not withhold documents from production because they contain Confidential Information and/or Attorneys' Eyes Only Information, and shall not redact Confidential Information and/or Attorneys' Eyes Only Information contained in documents unless required to do so under the terms of this Protective Order or by law, regulation, or a court order. The parties shall produce unredacted documents containing Confidential Information to all other parties in this litigation and shall produce unredacted documents containing Attorneys' Eyes Only Information pursuant to the terms of Paragraph 21 below. The parties shall designate documents containing Confidential Information and/or Attorneys' Eyes Only Information in the following manner:

a. For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the parties shall mark each page of the documents asserted to contain Confidential Information and/or Attorneys' Eyes Only Information. The parties shall brand the image with the designation "CONFIDENTIAL" for those documents that contain Confidential Information. The parties shall brand the image with the designation "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" for those documents that contain Attorneys' Eyes Only Information as defined in Paragraph 8.

b. For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the designation of Confidential Information shall be made by branding the slip-sheet for the document with "CONFIDENTIAL," and the designation of Attorneys' Eyes Only Information shall be

4

made by branding the slip-sheet for the document with "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY." The metadata for the document shall also reflect its confidential status, as set forth in the agreed-upon ESI specifications. The media on which the Confidential Information and/or Attorneys' Eyes Only Information is provided (*e.g.*, CD, DVD, external hard drive) also shall be and remain plainly labeled with "CONFIDENTIAL" and, if appropriate, "ATTORNEYS' EYES ONLY" (unless and until the protection of the data within the media is removed). Any copying or transferring of electronic files that are designated as Confidential Information and/or Attorneys' Eyes Only Information must be done in a manner that maintains the protection for all copies, including, but not limited to, in the filename(s) and the location where the copies are stored and where users access the material.

10. **Interrogatory Answers and Responses to Requests for Production or Admission**. The parties shall designate Confidential Information contained in interrogatory answers or responses to requests for production or admission by placing before the answer or response: "The following response is 'CONFIDENTIAL.'" The parties shall designate Attorneys' Eyes Only Information contained in interrogatory answers or responses to requests for production or admission by placing before the answer or response: "The following response is 'CONFIDENTIAL' and 'ATTORNEYS' EYES ONLY.'" Only that part of the answer/response that is Confidential Information and/or Attorneys' Eyes Only Information shall be so designated and the answering party shall highlight the Confidential Information and/or Attorneys' Eyes Only Information to show what specific information constitutes Confidential Information and/or Attorneys' Eyes Only Information.

11. **Confidential Information in Depositions.** Subject to the requirements of Paragraphs 20 and 21 below, during a deposition, the parties may show deponents documents or other discovery material that has been designated as Confidential Information and/or Attorneys' Eyes Only Information. Testimony at a deposition may be designated by any party as Confidential Information and/or Attorneys' Eyes Only

Information by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Protective Order and the reasons for the assertion. Additionally and alternatively, any party may also designate information disclosed at a deposition as Confidential Information and/or Attorneys' Eyes Only Information by notifying all counsel in writing within thirty (30) calendar days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Confidential Information and/or Attorneys' Eyes Only Information. After a party designates a portion of a deposition transcript as Confidential Information, the front of the original and each copy of the deposition transcript shall be marked "This deposition transcript includes "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." After a party designates a portion of a deposition transcript as Attorneys' Eyes Only Information, the front of the original and each copy of the deposition transcript shall be marked "This deposition transcript includes CONFIDENTIAL INFORMATION AND ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER." If such deposition was videotaped, both the recording storage medium (i.e., CD or DVD) and its container shall also be labeled: "This deposition transcript includes "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" or, if appropriate, "This deposition transcript includes CONFIDENTIAL INFORMATION AND ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER." Only those portions of the deposition transcript that are designated as containing Confidential Information and/or Attorneys' Eyes Only Information shall be governed by this Order.

12. **Documents or Information Obtained From Third Parties**. Documents or information produced by a non-party or testimony provided by a third party may be designated by the non-party as Confidential Information and/or Attorneys' Eyes Only Information in accordance with all of the terms and conditions of this Order.

13. **No Waiver.** The failure to designate any documents or other discovery

materials as Confidential Information and/or Attorneys' Eyes Only Information in accordance with the terms of this Order shall not constitute a waiver of a party's assertion that the materials are Confidential Information and/or Attorneys' Eyes Only Information. In the event that documents or discovery materials are or have been produced without being marked "CONFIDENTIAL" or, if appropriate, "ATTORNEYS' EYES ONLY," the producing party may notify the receiving party of the appropriate confidentiality designation and produce new hard copy, images, or slip-sheets as applicable (see Paragraph 9 above) reflecting the appropriate confidentiality designation. Upon receipt of any such reproductions, the receiving party shall thereafter preserve such reproduced documents or discovery materials in accordance with this Protective Order.

14. **Proprietary Information.** For Documents containing Proprietary Information designated as Confidential and/or Attorneys' Eyes Only, a Party's or a non-party's production of the documents in this case shall not be construed as waiving or diminishing the Party's or the non-party's interests in and rights to the confidentiality of Proprietary Information.

**Challenges to Designations Under this Protective Order**

15. Any party may object to a designation of a document or other discovery materials as Confidential Information and/or Attorneys' Eyes Only Information at any time by giving written notice (including by email) to counsel for the designating party, identifying the document or other discovery materials, or portions thereof, to which the objection is directed, and specifying in reasonable detail the reason or reasons for the objection. Within ten (10) calendar days of the receipt of such written notice, the parties shall meet and confer in a good faith effort to resolve the dispute as required by Local Rule 37-1. If the disagreement cannot be resolved, the party asserting the Confidential Information and/or Attorneys' Eyes Only Information designation may apply to the Court within fourteen (14) calendar days of the meet-and-confer for a protective order affirming the Confidential Information and/or Attorneys' Eyes Only Information designation. The application for a protective order shall comply with Local Civil Rules

37-2 and 37-3. While any such application is pending, the Confidential Information and/or Attorneys' Eyes Only Information subject to the application will be treated as Confidential Information and/or Attorneys' Eyes Only Information until the Court otherwise rules. The party asserting the Confidential Information and/or Attorneys' Eyes Only Information designation shall bear the burden and expense of seeking protection of its designated Confidential Information and/or Attorneys' Eyes Only Information. If the party asserting the Confidential Information and/or Attorneys' Eyes Only Information designation does not apply for a protective order within fourteen (14) calendar days of the meet-and-confer, then the designation of the document or discovery materials as Confidential Information and/or Attorneys' Eyes Only Information shall cease to be effective.

16. If the Court rules that the document or other discovery materials should no longer be designated as Confidential Information and/or Attorneys' Eyes Only Information or if the designating party at any time withdraws the designation (or if the designating party fails to apply for a protective order pursuant to the preceding Paragraph), the designating party shall promptly provide all other parties in the litigation with replacement documents, files, or information free from any markings or designations as Confidential Information and/or Attorneys' Eyes Only Information. The replacement versions shall be provided in the same format as the information that is to be replaced, unless otherwise agreed to by the parties. The presumptive time for providing the replacement information shall be ten (10) calendar days of the Court ruling or the designating party's withdrawal or failure, but the designating party must in good faith provide the information in a reasonable time, considering any agreements of the parties, the volume of information to be re-produced, and the nature or format of the information.

17. If a party or a third party produces a document or other discovery material that another party reasonably believes contains its Confidential Information and/or Attorneys' Eyes Only Information but is not so designated, the parties shall promptly

8

meet and confer regarding whether the produced document should be clawed back and replaced with a document designated as Confidential Information and/or Attorneys' Eyes Only Information. If there is disagreement regarding the designation of the material following the meet and confer, the procedures outlined in Paragraphs 15 and 16 apply.

**Disclosure, Use, and Handling of Confidential Information**

18. The parties shall disclose Confidential Information only in accordance with the terms of this Protective Order.

19. The parties and their counsel are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Information.

20. **Disclosure of Confidential Information**. Except as otherwise provided in this Protective Order, documents and other discovery materials designated as Confidential Information shall only be disclosed to the following persons:

   a. Counsel of record for the parties in this litigation and associated personnel assisting counsel in this action, such as paralegals, litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel, and in the case of the United States, officials, attorneys, and employees of their executive agencies and departments, provided that each is first advised of the terms of this Protective Order and his or her obligation under this Order to keep the Confidential Information confidential;

   b. The parties and their officers or employees, including in-house counsel, whose assistance is reasonably necessary to assist counsel in this action, provided that each is first advised of the terms of this Protective Order and his or her obligation under this Order to keep the Confidential Information confidential;

   c. Experts or consultants retained by a party for the purposes of this litigation, including both consulting and testifying experts and their staffs, provided that each is first advised of the terms of this Protective Order and his or her obligation under this Order to keep the Confidential Information confidential, and provided that each such

person has first executed Exhibit A attached to this Protective Order, stating that such person has read the Protective Order and agrees to be bound by it;

        d.       The Court and court personnel in this action;

        e.       Court reporters, videographer services, translation service, photocopy service, document management service, records management service, graphics service or such other litigation assistance services retained by a party to this action after first being advised of the terms of this Protective Order and their obligation under this Order to keep the Confidential Information confidential;

        f.       Any private mediators and their employees used in this Action after first being advised of the terms of this Protective Order and their obligation under this Order to keep the Confidential Information confidential;

        g.       Any third-party witness (*i.e.*, a witness who is not an agent or representative of or employed by a party to this action) who testifies at a deposition or hearing in this litigation concerning documents or information designated as subject to this Protective Order, and legal counsel retained by such third-party witness, provided that such third-party witness is first advised of the terms of this Protective Order and his or her obligation under this Order to keep the Confidential Information confidential and executes Exhibit A attached to this Order, stating that such person has read the Protective Order and agrees to be bound by it;

        h.       Any third-party individual interviewed by a Party's legal counsel in connection with this action, provided that any such person is first advised of the terms of this Protective Order and his or her obligation under this Order to keep the documents or Confidential Information confidential and executes Exhibit A attached to this Order, stating that such person has read the Protective Order and agrees to be bound by it.

21.   **Disclosure of Attorneys' Eyes Only Information.**  Except as otherwise provided in this Protective Order, documents and other discovery materials designated as Attorneys' Eyes Only Information shall only be disclosed to those persons described in sub-paragraphs (a), (c), (d), (e), and (f) of Paragraph 20 of this Protective Order.

Further, Attorneys' Eyes Only Information may be disclosed to deponents under sub-paragraph (g) of Paragraph 20, provided that such persons: (i) do not retain copies of the materials designated "ATTORNEYS' EYES ONLY," (ii) are first advised of the terms of this Protective Order and his or her obligation under this Order to keep the "ATTORNEYS' EYES ONLY" documents confidential, and (iii) are presented with Exhibit A to the Protective Order to Execute. Attorneys' Eyes Only Information shall only be disclosed to those persons described in sub-paragraphs (b) of Paragraph 20 if (i) the Material was produced by the persons or their current employer; (ii) the person initially created, sent, or received such Material; or (iii) the Court orders such access. It is the intent of the Parties that materials will not be designated as Attorney's Eyes Only for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record in this case. The procedures for Attorney's Eyes Only Information during any hearing or trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial in accordance with Paragraph 24.

22. Persons receiving Confidential Information or Attorneys' Eyes Only Information or to whom it is otherwise disclosed pursuant to the terms of this Protective Order are prohibited from disclosing it to any other person except in conformance with the terms of this Protective Order.

23. Persons receiving Confidential Information and/or Attorneys' Eyes Only Information or to whom it is otherwise disclosed pursuant to the terms of this Protective Order may use such information only for purposes of this litigation. However, nothing in this agreement shall prohibit the producing party from identifying Confidential Information and/or Attorney's Eyes Only Information as responsive and already in the possession of the receiving party for purposes of responding to discovery in *United States ex rel. Benjamin Poehling v. UnitedHealth Group, Inc., et al.*, C.D. Cal. Case No. 16-CV-8697-MWF (the "*Poehling* action"). Under those circumstances, the receiving party may use the Confidential Information and/or Attorney's Eyes Only Information

produced in this action in the *Poehling* action without violating the terms of this agreement, and its use in the *Poehling* action will be governed by a Protective Order Governing the Treatment of Protected Information that the parties anticipate will be entered by the Court in that matter. Nothing in this Paragraph will relieve a producing party from any obligation to provide responsive documents to any party in the *Poehling* action who is not a party in this litigation.

24. **Confidential Information and Attorneys' Eyes Only Information in Court Filings and Open Court**. The sealing of Confidential Information and/or Attorneys' Eyes Only Information in pleadings, motions, and other papers filed with the Court or the sealing of any Confidential Information and/or Attorneys' Eyes Only Information that are attachments to pleadings, motions and other papers shall comply with Civil Local Rule 79-5 and Paragraph 9 of this Court's Amended Standing Order. The procedures for use of Confidential Information and/or Attorneys' Eyes Only Information during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.

25. Confidential Information and/or Attorneys' Eyes Only Information shall not be filed with or submitted to the Court or reproduced in any court filing unless the document or filing is filed as a restricted document in accordance with Paragraph 9 of this Court's Amended Standing Order.

26. Any production of discovery material in this action or in the *Poehling* action before this Protective Order was entered of documents with PHI, PII, or Proprietary Information that were not designated in accordance with this Protective Order does not violate this Protective Order. Parties shall produce for those documents a metadata overlay that contains the designations specified in Paragraph 9.

27. **Subpoenaed or Other Requested Production of Confidential Information and/or Attorneys' Eyes Only Information.** If any party or person who has received Confidential Information and/or Attorneys' Eyes Only Information is requested or required to produce such information by a subpoena or other compulsory

process for purposes of use in a separate legal action, the party or person receiving such a request shall promptly inform the designating party that such request has been made and shall allow the designating party ten (10) days to seek appropriate relief or protection from the proper court to prevent the production. The designating party shall bear the burden and expense of seeking protection of its designated Confidential Information and/or Attorneys' Eyes Only Information. Nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court.

28. **Disclosure to Agencies or Departments of the United States.** Nothing in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any of its agencies or departments, or any division or office of any such agency or department, information or materials provided in this action, including those designated as Confidential Information and/or Attorneys' Eyes Only Information under this Order, that relate to a potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Order prevent or in any way limit or impair the use of any information provided in this action, including Confidential Information and/or Attorneys' Eyes Only Information, by an agency in any lawfully permitted proceeding relating to a potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall be advised of the terms of this Protective Order and maintain the confidentiality of the Confidential Information and/or Attorneys' Eyes Only Information in a manner consistent with the terms of this Order.

29. **Disclosure to Congress.** Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide designated Confidential Information and/or Attorneys' Eyes Only Information to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the Confidential Information and/or Attorneys' Eyes Only Information has been produced pursuant to this Protective Order and shall, if there are no

objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the designating party or non-party of the Congressional entity's request and the United States' response thereto.

30. **Use of Party's Own Confidential Information.** Nothing in this Protective Order shall restrict the right of any party to use its own Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Protective Order. However, nothing in this Protective Order affects the protections afforded to such Personally Identifiable Information and/or Protected Health Information under applicable federal, state, or local laws.

31. **Disclosure to Apparent Author or Recipient.** Nothing in this Protective Order shall limit the ability of a party to disclose any Confidential Information and/or Attorneys' Eyes Only Information to its author or to anyone identified on the face or in the metadata of the document as a recipient.

32. **Inadvertent Disclosure of Confidential Information and/or Attorneys' Eyes Only Information.** If a party in receipt of Confidential Information and/or Attorneys' Eyes Only Information ("receiving party") discovers that it, or a person to whom it has disclosed Confidential Information and/or Attorneys' Eyes Only Information in accordance with this Protective Order, has inadvertently disclosed Confidential Information and/or Attorneys' Eyes Only Information subject to this Protective Order to any person not authorized under this Protective Order, the receiving party must: (a) notify in writing the designating party of the inadvertent disclosure, providing with such notice the identity of the person to whom the Confidential Information and/or Attorneys' Eyes Only Information was disclosed and, upon request of the designating party, details concerning the circumstances of the disclosure, (b) use its best efforts to retrieve all copies of any Confidential Information and/or Attorneys' Eyes Only Information, (c) inform the person to whom the inadvertent disclosure was

made that the documents or information are Confidential Information and/or Attorneys' Eyes Only Information subject to this Protective Order and inform the person who received the inadvertent disclosure that he or she is bound by the terms of this Protective Order, and (d) cooperate in reasonable efforts to obtain the return of the Confidential Information and/or Attorneys' Eyes Only Information.

**Disposition of Confidential Information and Attorneys' Eyes Only Information at the Conclusion of This Litigation**

33. Except as provided in this Protective Order, within 90 days of the conclusion of both this litigation and the *Poehling* action, including appeals, the parties shall (a) destroy or delete all items designated as Confidential Information and/or Attorneys' Eyes Only Information and certify in writing that the items have been destroyed or deleted, or (b) return them to the designating party, depending upon the designating party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials should be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions. In the course of disposing of information in its possession under this Paragraph, the receiving party also will take reasonable steps to notify persons to whom it distributed Confidential Information and/or Attorneys' Eyes Only Information pursuant to this Order that such information should be returned to the receiving party or destroyed by the person possessing the information with written confirmation to receiving party.

34. Notwithstanding the above provision, counsel for the parties are entitled to retain an archival copy of all pleadings, affidavits, motion papers, trial transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, briefs, other papers filed with the Court, and any other parts of the trial record, as well as notes and

other documents constituting the work product of litigation counsel, even if these items contain or reflect Confidential Information and/or Attorneys' Eyes Only Information, so long as the these items remain clearly marked to reflect that the information contained therein is Confidential Information and/or Attorneys' Eyes Only Information subject to this Protective Order. In particular, attorneys for the United States may maintain copies of any Confidential Information and/or Attorneys' Eyes Only Information in their case file, as well as copies of any notes or summaries containing such Confidential Information and/or Attorneys' Eyes Only Information subject to the Federal Records Act, 44 U.S.C. § 3101, *et seq.*

**General Provisions**

35. This Protective Order does not constitute a ruling on the question of whether any particular document or information is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any document or information.

36. For good cause shown, any party may seek to modify or supplement the terms of this Protective Order by first attempting to obtain the consent of the other parties. The parties shall attempt to resolve the issue of any such modification or supplementation among themselves through good faith efforts before seeking judicial intervention. If the parties are not able to reach an agreement, the party seeking the modification or supplementation may file an appropriate motion with the Court upon notice to the other parties.

37. Upon final termination of this litigation, whether by settlement, dismissal, or other disposition, the provisions of this Protective Order shall continue to be binding upon all persons or entities who are subject to the terms hereof (including former employees of any party who received Confidential Information and/or Attorneys' Eyes Only Information). The Court shall retain continuing jurisdiction in order to enforce the terms of this Order.

```
 1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
 2
 3
    Dated:  August 11, 2017            CHAD A. READLER
 4                                     Acting Asst. Attorney General, Civil Division
                                       SANDRA R. BROWN
 5                                     Acting United States Attorney
                                       DOROTHY A. SCHOUTEN
 6                                     Chief, Civil Division
                                       DAVID K. BARRETT
 7                                     Chief, Civil Fraud Section
                                       LINDA A. KONTOS
 8                                     Deputy Chief, Civil Fraud Section
                                       Assistant United States Attorneys
 9
                                       MICHAEL D. GRANSTON
10                                     DANIEL R. ANDERSON
                                       CAROL L. WALLCK
11                                     JUSTIN DRAYCOTT
                                       JESSICA KRIEG
12                                     Attorneys, Civil Division
                                       United States Department of Justice
13
                                       JAMES P. KENNEDY, JR.
14                                     Acting United States Attorney
                                       KATHLEEN ANN LYNCH
15                                     Assistant United States Attorney
16
17                                     By   /s/ John E. Lee
                                       John E. Lee
18                                     Attorneys for the United States of America
```

| | | |
|---|---|---|
| Dated: August 11, 2017 | | THE HANAGAMI LAW FIRM |
| | | WILLIAM K. HANAGAMI |
| | | ABRAM ZINBERG |
| | | |
| | | By /s/ William K. Hanagami |
| | | William K. Hanagami |
| | | Attorney for Relator |
| | | |
| Dated: August 11, 2017 | | LATHAM & WATKINS LLP |
| | | DAVID J. SCHINDLER |
| | | DANIEL MERON |
| | | ABID R. QURESHI |
| | | |
| | | By /s/ David J. Schindler |
| | | David J. Schindler |
| | | Attorneys for Defendants UnitedHealth Group, Inc., UHC of California, United HealthCare Services, Inc,, Optum, Inc, OptumInsight, Inc., UnitedHealthcare, Inc., and UHIC Holdings, Inc. |
| | | |
| Dated: August 11, 2017 | | HOGAN LOVELLS US LLP |
| | | MICHAEL THEIS |
| | | EMILY LYONS |
| | | |
| | | By /s/ Michael Theis |
| | | Michael Theis |
| | | Attorneys for Defendants HealthCare Partners, LLC and HealthCare Partners Medical Group, Inc. |

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: August 16, 2017

*John E. McDermott*

JOHN E. McDERMOTT
United States Magistrate Judge

18

<pre style="white-space: pre-wrap">
                                    Attestation

    I hereby attest that all other signatories listed, and on whose behalf the filing is
submitted, concur in the filing's content and have authorized the filing.


Dated: August 11, 2017
                                            /S/ John E. Lee
                                            _____
                                            JOHN E. LEE
                                            Assistant United States Attorney
</pre>

# **EXHIBIT A**

The undersigned hereby acknowledges that he/she has been advised and informed of the Protective Order dated _____, in the action entitled *United States of America ex rel. Swoben v. Secure Horizons, et al.*, Case No. CV 09-5013 JFW (JEMx) (hereinafter the "Protective Order").

The undersigned acknowledges and agrees that he/she has been given a copy of the Protective Order, has read the Protective Order, is familiar with the terms of the Protective Order, and agrees to comply with and be bound by such terms. The undersigned further agrees that any documents, materials, or information furnished to him/her will be used by him/her only for the purposes of this litigation, including any appeals, and for no other purpose, and will be returned by the undersigned to the person who furnished the materials to him/her upon conclusion of this litigation.

The undersigned hereby consents to be subject to the personal jurisdiction of the United States District Court for the Central District of California with respect to any proceedings relative to the enforcement of this Protective Order, including any proceeding relating to contempt of this Order.

DATED: _____     BY: _____