**William K. Hanagami, SBN 119832**
**THE HANAGAMI LAW FIRM**
**A PROFESSIONAL CORPORATION**
**5950 CANOGA AVENUE, SUITE 130**
**WOODLAND HILLS, CA 91367-7572**
**(818) 716-8570 / (818) 716-8569 *FAX***
**BillHanagami@esquire.la**

**Abram J. Zinberg, SBN 143399**
**THE ZINBERG LAW FIRM**
**A PROFESSIONAL CORPORATION**
**412 OLIVE AVENUE, SUITE 528**
**HUNTINGTON BEACH, CA 92648**
**(714) 960-9917 / (714) 374-9802 *FAX***
**AbramZinberg@gmail.com**

Attorneys for Plaintiff and <u>Qui</u> <u>Tam</u> Relator,
James M. Swoben

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* JAMES M. SWOBEN,<br><br>Plaintiffs,<br><br>vs.<br><br>SECURE HORIZONS, et al.,<br><br>Defendants. | Case No. CV09-5013 JFW(JEMx)<br><br>RELATOR'S OPPOSITION TO MOTION TO DISMISS FOURTH AMENDED COMPLAINT<br><br>DATE:      September 18, 2017<br>TIME:      1:30 p.m.<br>CTRM:     7A |

COMES NOW, Relator James M. Swoben, and submits the following Memorandum of Points and Authorities in Opposition to defendants HealthCare Partners, LLC and HealthCare Partners Medical Group, Inc.'s Motion to Dismiss the Fourth Amended Complaint.

THE ZINBERG LAW FIRM
A Professional Corporation

THE HANAGAMI LAW FIRM
A Professional Corporation

Dated: August 22, 2017          By:*/s/William K. Hanagami*
                                                    William K. Hanagami
                                                    Attorneys for Plaintiff and <u>Qui</u> <u>Tam</u> Relator,
                                                    James M. Swoben

-i-

# TABLE OF CONTENTS

Argument                                                                              Page

I.      INTRODUCTION AND SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . 1

II.     SUMMARY OF ALLEGATIONS AGAINST UNITED AND HCP . . . . . . . 1

        A.      ALLEGATIONS IN BOTH THE THIRD AND FOURTH
                AMENDED COMPLAINTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        B.      NEW ALLEGATIONS IN THE FOURTH AMENDED
                COMPLAINT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.    PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.     ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        A.      31 U.S.C. § 3731(b)(2) IS NOT A STATUTE OF REPOSE . . . . . . . . 6

        B.      EVEN IF 31 U.S.C. § 3731(b)(2) IS A STATUTE OF
                REPOSE, THE RULE 15(c) RELATION BACK DOCTRINE
                APPLIES TO THE FOURTH AMENDED COMPLAINT . . . . . . . . 6

        C.      THE FOURTH AMENDED COMPLAINT RELATES
                BACK TO THE THIRD AMENDED COMPLAINT. . . . . . . . . . . . . 7

                1.      The Fourth Amended Complaint Relates Back to the
                        Third Amended Complaint Under Rule 15(c)(1)(B). . . . . . . . . 9

                2.      The Fourth Amended Complaint Relates Back to the
                        Third Amended Complaint Under Rule 15(c)(1)(B)
                        and/or (C). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        D.      THE REVERSE FALSE CLAIMS WERE NOT WAIVED. . . . . . . . 10

                1.      HCP's Authorities Do Not Mandate Waiver of the
                        Reverse False Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

        E.      ALTERNATIVELY, RELATOR SHOULD BE GRANTED
                LEAVE TO FURTHER AMEND HIS COMPLAINT . . . . . . . . . . . 16

V.      CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

<u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                    <u>Page(s)</u>

*Alpern v. Utilicorp United, Inc.,* 84 F.3d 1525 (8th Cir. 1996) . . . . . . . . . . . . . . . . 8

*ASARCO, LLC v. Union Pacific Railroad Co.,*
    765 F.3d 999 (9th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Acierno v. New Castle County,* 2000 WL 718346 (D.Del. 2000) . . . . . . . . . . . . . . 7

*Badaracco v. Commissioner of Internal Revenue,*
    464 U.S. 386, 104 S.Ct. 756, 78 L.Ed.2d 549 (1984) . . . . . . . . . . . . . . . . . 8

*Balistreri v. Pacifica Police Dept.,* 901 F.2d 696 (9th Cir. 1990) . . . . . . . . . . . . . 14

*Barnes and Noble, Inc. v. LSI Corp.*, 823 F.Supp.2d 980 (N.D.Cal. 2011). . . . . . . 7

*Brittain v. Sheriff of Riverside Cty.*, 2011 WL 6149287 (C.D.Cal. 2011) . . . . 13, 14

*Carpenter v. Tahoe Regional Planning Agency,*
    804 F. Supp. 1316 (D. Nev. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Christian Legal Society Chapter of University of California v. Kane,*
    2005 WL 850864 (N.D.Cal. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Christian Legal Social Chapter of University of California v. Wu,*
    626 F.3d 483 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Facebook, Inc. v. Power Ventures, Inc.,*
    2017 WL 1650608 (N.D.Cal. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . 14-15

*In re Lenox Healthcare, Inc.,* 343 B.R. 96 (Bankr.D.Del. 2006). . . . . . . . . . . . . . . 9

*Martell v. Trilogy Ltd.*, 872 F.2d 322 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . 10

*Schreiber Dist. Co. v. Serv-Well Furniture Co.,*
    806 F.2d 1393 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Stoner v. Santa Clara County Office of Ed.*, 502 F.3d 1116 (9th Cir. 2007) . . . . . . 8

*U.S. ex rel. Carter v. Halliburton Co.*, 315 F.R.D. 56 (E.D.Va. 2016) . . . . . . . . 6, 7

*U.S. ex rel. Huangyan Import and Export Corp. v. Nature's Farm Products, Inc.,*
    370 F.Supp.2d 993 (N.D.Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*U.S. ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325 (9th Cir. 2017). . . . . . . . . . . . . . . 12

*U.S. ex rel. Saaf v. Lehman Brothers*, 123 F.3d 1307 (9th Cir. 1997) . . . . . . . . . . . 6

*U.S. ex rel. Swoben v. United Healthcare Ins. Co.,*
    848 F.3d 1161 (9th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Passim*

*U.S. v. Bourseau*, 531 F.3d 1159 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*U.S. v. Corinthian Colleges,* 655 F.3d 984 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . 14

*U.S. v. Northern Paiute Nation*, 393 F.2d 786 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Veritas Operating Corp. v. Microsoft Corp.*,
    2008 WL 474248 (W.D.Wash. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Statutes

31 U.S.C. § 3729. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 12
31 U.S.C. § 3730(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
31 U.S.C. § 3731(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Passim*
42 C.F.R. § 422.504(*l*) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Fed.R.App.P. 28 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14
Fed.R.Civ.P. 15(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
Fed.R.Civ.P. 15(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 9, 15

-iv-

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.

### INTRODUCTION AND SUMMARY OF ARGUMENT

Relator James M. Swoben's (Swoben) pending Fourth Amended Complaint against defendants HealthCare Partners, LLC and HealthCare Partners Medical Group, Inc. (collectively, "HCP") relates back to Swoben's Third Amended Complaint because both are based upon the same fraudulent one-sided retrospective review scheme. Fed.R.Civ.P. 15(c).

In spite of HCP's assertions, 31 U.S.C. § 3731(b)(2) is not a statute of repose. Even if it is, it does not bar the Fed.R.Civ.P. 15(c)'s relation back application to the Fourth Amended Complaint.

Last, there is no waiver of Swoben's "reverse false claims."

Accordingly, HCP's motion to dismiss should be denied in its entirety.

## II.

### SUMMARY OF ALLEGATIONS AGAINST UNITED AND HCP

A.    <u>ALLEGATIONS IN BOTH THE THIRD AND FOURTH AMENDED COMPLAINTS</u>.

The Third Amended Complaint (TAC) (ECF No. 37) and Fourth Amended Complaint (FAC) (ECF No. 251) allege that United[1] and HCP violated the False Claims Act, 31 U.S.C. § 3729, et seq., by, among other things:

I.    United and HCP retained coding companies to perform one-sided retrospective reviews of the medical charts of their MA patients.  (TAC at ¶¶41, 127; FAC at ¶17);

---

[1] In the Third Amended Complaint, the United defendants are HMOs referred to "Secure Horizons." TAC at ¶9. In the Fourth Amended Complaint, the United defendants are referred to as "United Healthcare." FAC at ¶8. In this opposition, these defendants are referred to as "United."

ii.     United and HCP concealed from the coders the previously submitted diagnosis codes (TAC at ¶¶41, 127; FAC at ¶17);

iii.    The retrospective reviews concealed the previously submitted diagnosis codes that were unsupported by the reviewed charts (TAC at ¶¶43, 132; FAC at ¶18);

iv.     United created lists of charts to be retrospectively review, and gave such lists to the coders conducting the retrospective reviews (TAC at ¶¶41, 124; FAC at ¶19);

v.      United and HCP improperly designed the retrospective reviews (TAC at ¶¶ 46, 127; FAC at ¶20);

vi.     United's and HCP's retrospective reviews were "one-sided," i.e., would only add diagnosis codes and not withdraw from CMS previously submitted diagnosis codes unsupported by the reviewed medical charts  (TAC at ¶¶43, 127; FAC at ¶¶20, 22);

vii.    United and HCP concealed from the Government the previously submitted diagnosis codes that were unsupported by the reviewed charts  (TAC at ¶¶47-48, 51, 127, 129, 133; FAC at ¶23)

viii.   United and HCP submitted risk adjustment data from their one-sided retrospective reviews to the Government (TAC at ¶¶41, 50-52, 128; FAC at ¶25);

ix.     United and HCP knew the retrospective reviews were improperly designed (TAC at ¶¶46, 127; FAC at ¶34);

x.      United and HCP made no effort to withdraw previously submitted diagnosis codes that were unsupported by the reviewed charts (TAC at ¶¶45, 126; FAC at ¶36);

xi.     United and HCP did not have an effective compliance program to detect and prevent their attempts to inflate their MA patients' risk adjustment scores through the use of improperly designed retrospective reviews (TAC at ¶¶45, 130; FAC at ¶37);

xii.    United and HCP's retrospective reviews inflated their MA patients' risk adjustment scores, resulting in inflated capitated payments by the Government (TAC

-2-

at ¶¶48, 128, 132, 134; FAC at ¶38);

xiii.    United and HCP violated the FCA by making and using false records, statements and/or claims to get false claims for payment by the Government (TAC at ¶¶49-50, 131-131; FAC at ¶39(I-ii)); and

xiv.    United and HCP violated the "reverse false claims" provision of the FCA (TAC at ¶¶51-52, 132-133; FAC at ¶39(iii-v)).

B.    <u>NEW ALLEGATIONS IN THE FOURTH AMENDED COMPLAINT</u>.

The difference between the TAC and the FAC relied upon by HCP's motion is that the TAC alleges that (a) United's one-sided retrospective review scheme began in 2005 (TAC at ¶¶42, 47), and (b) HCP's one-sided retrospective review scheme began "during or about 2008" (TAC at ¶128), whereas the FAC alleges that United and HCP's one-sided retrospective review scheme began in 2005.  (FAC at ¶¶17, 25).

Additionally, the FAC added allegations that:

i.    United and HCP were involved in the design and use of the ICE-RADAR template used to capture retrospective review data and transmit it from HCP to United, which template did not permit the collection or identification for deletion of previously submitted diagnosis codes that were unsupported by the reviewed medical charts, even though the CMS-mandated RAPS file format to be used to transmit risk adjustment data to CMS had a field to be used to withdraw previously submitted diagnosis codes (FAC at ¶¶26-32);

ii.    United and HCP knew from CMS's Risk Adjustment Data Validation (RADV) audits reflecting risk adjustment error rates in excess of 30% that its retrospective review submissions should have resulted in at least 30% of the previously submitted diagnosis codes should have been withdrawn as a result of their retrospective reviews (FAC at ¶33); and

iii.    United and HCP used and submitted 42 C.F.R. § 422.504(*l*) certifications that falsely attested to accuracy, completeness and truthfulness of their risk adjustment

-3-

submission in order to receive payments from CMS.  (FAC ¶35.)

III.

PROCEDURAL BACKGROUND

On July 13, 2009, Swoben filed his *Qui Tam* Complaint under seal pursuant to 31 U.S.C. § 3730(b)(2) against SCAN Health plan and its affiliates (collectively, "SCAN") for violations of the Federal False Claims Act and California False Claims. (ECF No. 1.)  The original Complaint did not allege claims against HCP nor any claims concerning retrospective reviews.

On September 30, 2009, Swoben filed his First Amended Complaint under seal against SCAN and United, adding "Up-Coding" claims based upon said defendants' improper and fraudulent design and performance of retrospective reviews of their patients' medical charts, resulting in excessive payments being made to them by the Government.  (ECF No. 11.)

On October 21, 2010, Swoben filed his Second Amended Complaint under seal, revising certain allegations (¶¶15-17) and adding Seventh and Eighth Claims for Relief against SCAN.  (ECF No. 23.)

On November 23, 2011, Swoben filed his Third Amended Complaint under seal, which added, among others, HCP as a defendant to the newly added Ninth and Tenth Claims for Relief for "Up-Coding" based upon said defendants' improper and fraudulent design and performance of retrospective reviews of their patients' medical charts, resulting in excessive payments being made to them by the Government.  (ECF No. 37.)

During 2012, the Government and California intervened in Swoben's Third Amended Complaint against SCAN and settled Swoben's claims against SCAN for (a) overcharging, concealments and improperly retaining funds in the Medi-Cal program, and (b) retrospective review "Up-Coding."   The Government and California subsequently filed their notices declining intervention in the balance of the Third

-4-

Amended Complaint against the non-SCAN defendants.  Subsequently, on January 8, 2013 the Court ordered the Third Amended Complaint unsealed and served upon the non-SCAN defendants.  (ECF No. 57.)

The Summons and Third Amended Complaint were timely served upon HealthCare Partners and HealthCare Partners Medical Group on April 4, 2013 and April 5, 2013, respectively.  (ECF Nos. 58-59.)

United and HCP, among others, the filed their respective motions to dismiss the Third Amended Complaint.  (ECF Nos. 111 and 114.)  In response, Swoben requested the Court leave to file a Fourth Amended Complaint, (ECF No. 115), and submitted his proposed Fourth Amended Complaint.  (ECF No. 118.)

On July 30, 2017, the Court issued its order dismissing the Third Amended Complaint without leave to amend.  (ECF No. 133.)  The Court declined to allow Swoben leave to file a Fourth Amended Complaint because to do so would be futile and his attempt to do so was unduly delayed.  (ECF No. 133 at pp. 7-10.)  The Court concluded that the proposed Fourth Amended Complaint did not meet Rule 9(b) specificity requirements, were based upon publicly available information, unduly delayed.  Swoben appealed the judgment of dismissal.  (ECF No. 137.)

The issue on appeal was "Did the District Court commit legal error when it refused to allow Swoben leave to file a Fourth Amended Complaint when granting the first Motions to Dismiss that attacked any complaint or amended complaint?" (Appellant's Opening Brief at p. 2.)[2]

On December 16, 2016, the Ninth Circuit issued its opinion reversing the District Court's order denying Swoben leave to file his Fourth Amended Complaint.  *U.S. ex rel. Swoben v. United Healthcare Ins. Co.,* 848 F.3d 1161 (9th Cir. 2016).

On March 13, 2017, Swoben filed his Fourth Amended Complaint.  (ECF No.

---

[2] A copy of Swoben's Appellant's Opening Brief (AOB) filed in the Ninth Circuit Court of Appeals, case number 13-56746, as Dkt. No. 33-1 (without Addendum) is attached hereto as Exhibit 1.  Swoben requests the Court take judicial notice of his AOB.

251.)  Subsequently, HCP filed the instant Motion to Dismiss the Fourth Amended Complaint.

IV.

ARGUMENT

A.    31 U.S.C. § 3731(b)(2) IS NOT A STATUTE OF REPOSE.

In the Ninth Circuit, 31 U.S.C. § 3731(b)(2) is a statute of limitations, and not a statute of repose.  *U.S. ex rel. Saaf v. Lehman Brothers,* 123 F.3d 1307, 1308 (9th Cir. 1997) ["We reversed Hyatt on this point after the district court decision in this case, holding that (1) the tolling provision of 31 U.S.C. § 3731(b)(2) applies both to the government and to qui tam plaintiffs and (2) as to qui tam plaintiffs, the statute of limitations begins to run when the plaintiff knew or should have discovered the facts underlying the alleged fraud. [Citation.]"]

B.    EVEN IF 31 U.S.C. § 3731(b)(2) IS A STATUTE OF REPOSE, THE RULE 15(c) RELATION BACK DOCTRINE APPLIES TO THE FOURTH AMENDED COMPLAINT.

In *U.S. ex rel. Carter v. Halliburton Co.,* 315 F.R.D. 56 (E.D.Va. 2016), the court held that a statute of repose did not bar Rule 15(c)'s relation back doctrine to an amended *qui tam* complaint filed after the expiration of a statue of repose.  *Id.* at 64. The *Carter* court stated:

> "Starting with the text of Rule 15(c), the rule makes no distinction between statutes of limitations and statutes of repose. The Rule merely states that an "amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).  As other courts have found, the absence of limiting language within Rule 15(c) indicates that it applies to statutes of limitations and repose alike. See *Chumney*, 196 F.R.D. at 428 ("[T]he language of Federal Rule 15(c) indicates that it applies to both statutes of creation and statutes of limitations...."); *In re Sharps Run Assocs., L.P.*, 157 B.R. at 784 ("We also do not accept the assertion that calling a statute one of repose rather than limitations automatically proscribes relation back.  Certainly nothing in the language of

-6-

either Rule 15(c) or R. 4:9-3 suggests such a rule."). [¶] Furthermore, Defendants' strict interpretation of Rule 15(c) would have anomalous results. Under Defendants' interpretation, an expired statute of repose would preclude all amendments, regardless of the substance of the amendment.  Thus, an amendment that does nothing more than add specificity or clarify a complaint would not relate back. Similarly, an amendment that removed a cause of action would not relate back to the original complaint. These results strike the Court as illogical and contrary to Rule 15(c)'s liberal policy of resolving issues on the merits. See *Acierno*, 2000 WL 718346, at *9 ("The court shall permit the amended complaint to relate back under Rule 15(c)(2) because doing so will further the federal goal of deciding controversies on their merits."); *Chumney*, 196 F.R.D. at 428 (permitting relation back, in part, because "the policy behind Federal Rule 15(c) is not hindered by applying it to statutes of creation")." *Carter,* 315 F.R.D. at 64.

*Carter's* reasoning is sound.  Rule 15(c) makes no distinction between statutes of limitations and statues of repose, and to hold that a statute of repose prevents all amendments to a timely filed complaint is illogical and contrary to Rule 15(c)'s liberal policy of resolving issues on the merits.  Accordingly, even if 31 U.S.C. § 3731(b)(2) is a statute of repose, Rule 15(c)'s relation back doctrine is applicable to the FAC.

## C.   THE FOURTH AMENDED COMPLAINT RELATES BACK TO THE THIRD AMENDED COMPLAINT.

Rule 15(c) states, in relevant part:

"(1) When an Amendment Relates Back.  An amendment to a pleading relates back to the date of the original pleading when:
(A) the law that provides the applicable statute of limitations allows relation back;
(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading;[3] or
(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
(i) received such notice of the action that it will not be prejudiced in defending on the merits; and
(ii) knew or should have known that the action

---

[3]Under Rule 15(c), "By the 'original pleading' to be looked to, we do not mean only the first petition filed, but mean to include within the quoted phrase all timely petitions, original or amended." *U.S. v. Northern Paiute Nation*, 393 F.2d 786, 790 & n. * (Ct.Cl. 1968); *Barnes & Noble, Inc. v. LSI Corp.,* 823 F.Supp.2d 980, 987 (N.D.Cal. 2011).

1   would have been brought against it, but for a mistake concerning the proper party's identity."

2   Rule 15(c)'s relation back provision is to be liberally applied. *ASARCO, LLC v.*

3   *Union Pacific Railroad Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). As Swoben's *qui tam*

4   claims concern the Government's rights against HCP, *Stoner v. Santa Clara County*

5   *Office of Ed.,* 502 F.3d 1116, 1126 (9th Cir. 2007) [the Government is the real party in

6   interest], "[s]tatutes of limitations sought to be applied to bar rights of the Government,

7   must receive a strict construction in favor of the Government." *Badaracco v.*

8   *Commissioner of Internal Revenue*, 464 U.S. 386, 391, 104 S.Ct. 756, 760, 78 L.Ed.2d

9   549 (1984).

10   In *ASARCO,* the Ninth Circuit declared:

11   
12   "An otherwise time-barred claim in an amended pleading is deemed timely if it relates back to the date of a timely original pleading. Under Rule 15(c)(1)(B), an amendment asserting a new
13   or changed claim relates back to the date of the original pleading if the amendment 'arose out of the conduct, transaction, or
14   occurrence set out ... in the original pleading.' An amended claim arises out of the same conduct, transaction, or occurrence if it
15   'will likely be proved by the 'same kind of evidence' offered in support of the original pleading.' [Citations.] To relate back, 'the
16   original and amended pleadings [must] share a common core of operative facts so that the adverse party has fair notice of the
17   transaction, occurrence, or conduct called into question.'" *ASARCO*, 765 F.3d at 1004.

18   
19   "The basic inquiry is whether the amended complaint is related to the general

20   fact situation alleged in the original pleading." *Alpern v. Utilicorp United, Inc.,* 84 F.3d

21   1525, 1543 (8th Cir. 1996).

22   As discussed below, the Fourth Amended Complaint against HCP relates back

23   to the TAC because both arise out the same "conduct, transaction, or occurrence"

24   (fraudulent one-sided retrospective review scheme), the FAC "will likely be proved by

25   the 'same kind of evidence' offered in support of the" TAC, and both pleadings "share

26   a common core of operative facts so that the adverse party has fair notice of the

27   transaction, occurrence, or conduct called into question." *ANSARCO,* 765 F.3d at 1004.

28   

-8-

1.   The Fourth Amended Complaint Relates Back to the

Third Amended Complaint Under Rule 15(c)(1)(B).

The FAC's allegations that HCP's 2005-2012 fraudulent retrospective review scheme relate back to the HCP's fraudulent one-sided retrospective review scheme that began "during or about 2008" (TAC at ¶128) because they arise "out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the" TAC, i.e., the same fraudulent one-sided retrospective review scheme.   Fed.R.Civ.P. 15(c)(1)(B).  HCP's 2005-2012 fraudulent retrospective review scheme "arises out of the same conduct, transaction, or occurrence" as HCP's fraudulent one-sided retrospective review scheme that began "during or about 2008" because it "will likely be proved by the 'same kind of evidence' offered in support of the" TAC.[4]  *ASARCO*, 765 F.3d at 1004.  Further, the FAC claims against HCP relate back to the claims in the TAC because the TAC and FAC "share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question." *ASARCO*, 765 F.3d at 1004;[5] *see also,* comparison of the TAC's and FAC's allegations in Section II(A), above.

Although the FAC adds supporting detail providing "a strong factual basis for Swoben's claims" against HCP (see Section II(B), above), *Swoben,* 848 F.3d at 1181, the FAC alleges the same fraudulent one-sided retrospective review scheme committed by HCP (see Section II(A), above).  Accordingly, the FAC relates back to the TAC pursuant to Rule 15(c)(1)(B).

---

[4]The "same kind of evidence" will include the one-sided retrospective review procedures, HCP's use of the ICE-RADAR template, HCP's lack of compliance procedures to detect such fraudulent activity, the previously submitted diagnosis codes that were unsupported by the reviewed medical charts, etc.

[5]Rule 15(c) is satisfied if the amended complaint "changes the date and location of the transaction alleged," particularly if the amended complaint and its prior version allege "an underlying unifying scheme or course of conduct."  *In re Lenox Healthcare, Inc.,* 343 B.R. 96, 105-106 (Bankr.D.Del. 2006).

2.    <u>The Fourth Amended Complaint Relates Back to the</u>
<u>Third Amended Complaint Under Rule 15(c)(1)(B)</u>
<u>and/or (C).</u>

The TAC warned HCP to collect and preserve its evidence in reference to "the whole transaction," conduct, or occurrence described in it. *Martell v. Trilogy Ltd.,* 872 F.2d 322, 326 (9th Cir. 1989). Upon being timely served with the TAC, HCP was aware that claims regarding the retrospective review frauds alleged in the TAC may be amended and that the form or relief and law relied upon were not confined to those alleged in the TAC. *Id.* at 326. *See also, California Practice Guide: Federal Civil Before Trial* § 8:1621, at 8:227, copy attached as Exhibit 2.

Although the TAC alleged a ninth claim for relief against HCP based on its fraudulent one-sided retrospective review scheme beginning "during or about 2008," the TAC also alleged a third claim for relief against United based upon its fraudulent one-sided retrospective review scheme beginning in 2005. As such, the TAC placed HCP on notice that of the claims asserted against United, and therefore placed HCP on notice that it may be named in a further amended complaint alleging that both United and HCP violated the FCA through their fraudulent one-sided retrospective review scheme beginning in 2005. *Martell,* 872 F.2d at 325; *California Practice Guide: Federal Civil Before Trial* § 8:1621, at 8:227. Accordingly, the FAC against HCP and the TAC "undoubtedly emanate from a common core of operative facts" because the FAC alleges claims against HCP already pleaded a party already named as a defendant in the TAC. *Martell,* 872 F.2d at 325; *California Practice Guide: Federal Civil Before Trial* § 8:1621, at 8:227. Accordingly, the FAC relates back to the TAC pursuant to Rule 15(c)(1)(B) and/or (C).

D.    <u>THE REVERSE FALSE CLAIMS WERE NOT WAIVED.</u>

This Court dismissed the TAC because it did not meet Rule 9(b) specificity requirements. The Court held that leave to file a FAC was denied because to do so

-10-

would be futile[6] and Swoben unduly delayed amending his FCA claims.  (ECF No. 133.)  Because the issue on appeal was whether "the District Court commit[ted] legal error when it refused to allow Swoben leave to file a Fourth Amended Complaint when granting the first Motions to Dismiss that attacked any complaint or amended complaint," (Appellant's Opening Brief at p. 2, attached as Exhibit 1), Swoben did not argue whether the reverse false claims in his TAC satisfied Rule 9(b) specificity requirements.  *Swoben,* 848 F.3d at 1172, n. 6.  Rather, Swoben addressed on appeal this Court's reasons for refusing to permit him leave to file his FAC.

The Ninth Circuit held, "In sum, we hold the proposed fourth amended complaint satisfies Rule 9(b) with respect to United Healthcare and HealthCare Partners but not with respect to Aetna, WellPoint and Health Net."  *Swoben,* 848 F.3d at 1182.  The Ninth Circuit held that the proposed fourth amended complaint contained new details providing "a strong factual basis" supporting the retrospective review allegations against HCP that met Rule 9(b) specificity requirements.  *Id.* at 1181-1182.

Swoben's failure to address "reverse false claims" on appeal does not amount to a ruling that Swoben waived his reverse false claims theory, in light of the facts that he appealed the entire judgment (ECF No. 137), the issue on appeal (whether leave to file a Fourth Amended Complaint should have been granted), and the Ninth Circuit's

---

[6]The Court's July 30, 2013 Order stated in relevant part,

> "In this case, even with the "new" facts Swoben states he would allege in a Fourth Amended Complaint, his claims would still be defective because he: (1) fails to describe the HealthCare Partners' retrospective review process with particularity, including the types of charts reviewed or whose charts were reviewed; (2) fails to allege that the reviewed charts belonged to members of the HMO Defendants' Medicare Advantage plans; (3) fails to allege with any particularity the HMO Defendants' involvement, if any, in the HealthCare Partners retrospective review process or the nature and extent of the HMO Defendants' knowledge of the reviews; (4) fails to allege any specific diagnosis codes that were submitted to the federal government that were actually false; and (5) fails to allege that he has reviewed any of the medical records associated with HealthCare Partners' patients to determine whether particular diagnosis codes were unsupported by those medical records."

-11-

1    express holding that the proposed fourth amended complaint satisfies Rule 9(b) as

2    against United and HCP.  *Swoben,* 848 F.3d at 1182.

3        A waiver of claims is "disfavored in the law" and thus must be unequivocally

4    shown.  *Carpenter v. Tahoe Regional Planning Agency*, 804 F.Supp. 1316, 1322 (D.

5    Nev. 1992) [evidence of waiver "would have to be extremely strong" for a party to win

6    an argument that a claim has been waived]; *see also, Veritas Operating Corp. v.*

7    *Microsoft Corp.*, 2008 WL 474248, at *12 (W.D.Wash. Feb. 4, 2008) [declining to hold

8    that evidence showed that claims were barred by waiver, laches, or estoppel, which is

9    "not favored"].  This is particularly so in the context of a reverse false claim, which is

10   substantively similar to traditional FCA claims under 31 U.S.C. § 3729(a)(1)(A) or (B)

11   and are based on the same facts.  Both the traditional FCA claims and reverse false

12   claims in this case rely on the defendants' failure to delete reviewed diagnoses codes

13   that were known to be unsupported, thus resulting in inflated capitation payments paid

14   by the Government.  A reverse false claim merely arises when a party owes the

15   government an obligation to pay back moneys.  *U.S. ex rel. Huangyan Import & Export*

16   *Corp. v. Nature's Farm Products, Inc.*, 370 F.Supp.2d 993, 998 (N.D. Cal. 2005)

17   [reverse false claims arise when "the financial obligation that is the subject of the fraud

18   flows in the opposite of the usual direction"]; *see also, U.S. v. Bourseau,* 531 F.3d

19   1159, 1164-71 (9th Cir. 2008) [reverse false claims elements are similar to traditional

20   FCA claims].  Thus, a separate discussion of reverse false claims was unnecessary

21   because such a claim would also rise or fall on the strength of the traditional FCA

22   claims.  *U.S. ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 336 (9th Cir. 2017) ["Because

23   Kelly's cause of action for submitting false or fraudulent claims for payment fails as

24   a matter of law, so too does his 'reverse false claims' cause of action."].  Under such

25   circumstances, the reverse false claims theory was subsumed in and became a part of

26   the traditional FCA theories.  Indeed, rather than being set out separately, the TAC

27   includes both traditional and reverse FCA theories within his Ninth claim for relief

28   against HCP.  This view is borne out by the Ninth Circuit's holding that "Swoben has

-12-

alleged a cognizable legal theory," that "the proposed fourth amended complaint satisfies Rule 9(b) with respect to United Healthcare and HealthCare Partners," that the proposed fourth amended complaint "does not seek to assert a new legal theory," and vacated the judgment with instructions that Swoben be permitted to file his FAC. *Swoben,* 848 F.3d at 1176, 1182, 1185.  The Ninth Circuit did not carve out any exception for the FAC's reverse false claims.

1.    HCP's Authorities Do Not Mandate Waiver of the Reverse False Claims.

The cases HCP relies upon to preclude Swoben's reverse false claim theory are cited out of context and inapplicable here.  In *Christian Legal Soc. Chapter of Univ. of California v. Wu*, 626 F.3d 483, 485 (9th Cir. 2010) the Court, in discussing the applicability of Fed.R.App.P. 28(a)(8) held, "We review only issues [that] are argued specifically and distinctly in a party's opening brief."  This holding does not apply in the case at hand to preclude Swoben from including a reverse false claim theory in his Fourth Amended Complaint.  *Christian Legal* involved discrimination claims by Hastings Christian Fellowship (HCF), a faith based student organization, challenging Hastings Law School's nondiscrimination policies for recognized student groups. HCF's two main discrimination claims ((a) requiring members to agree with a religious viewpoint, and (b) selective enforce of nondiscrimination rules) were dismissed by summary judgement in favor of Hastings Law School.  On appeal, HCF argued for reversal of only the first dismissed discrimination claim, and Ninth Circuit affirmed the District Court's judgment of dismissal.  HCF sought review with the Supreme Court, which affirmed the Ninth Circuit's decision but remanded to the Ninth Circuit to determine the selective enforcement issue "if, and to the extent, it is preserved." *Id.* at 485.  On remand, the Ninth Circuit held that HCF seek to overturn the dismissal of the selective enforcement claim because it had not been raised in its Appellant's Opening Brief. *Id.* at 485.

Likewise, *Brittain v. Sheriff of Riverside Cty.*, 2011 WL 6149287, at *4 (C.D.

-13-

Cal. Dec. 9, 2011) involved a pro-se prison plaintiff that failed to file amended pleadings as instructed by the court but instead improperly filed an appeal. As a result, the district court ruled against the plaintiff on all counts and the Ninth Circuit held that nearly all claims were time-barred anyway. *Brittain* merely reiterates the Fed.R.App.P. 28 holding from *Christian Legal*.

Last, HCP relies upon *Facebook, Inc. v. Power Ventures, Inc.*, 2017 WL 1650608 (N.D.Cal. May 2, 2017). This case actually supports Swoben's position. In *Facebook*, the Ninth Circuit remanded to the district court the calculation of damages resulting from the Power Venture's unauthorized access to Facebook's data. After remand to the district court, Venture Powers repeatedly attempted to re-open issues in violation of the Ninth Circuit's instructions and district court's case management conference:

> "Defendants raised many issues that went beyond the scope of the Ninth Circuit's remand. Therefore, at the case management conference, the Court informed Defendants that 'a lot of your damages arguments are not related to the date issue' on which the Ninth Circuit remanded and warned Defendants against 'retreading and reopening issues that have now been decided.' [Citations,] Additionally, in the Court's February 15, 2017 case management order, the Court ordered that '[i]n briefing the remanded issue of damages, the parties shall limit their arguments to the issues that the Ninth Circuit remanded for consideration. The parties shall not present arguments regarding aspects of the Court's decision which the Ninth Circuit did not reverse on appeal. For example, the Court will not consider arguments regarding whether attorney's fees constitute compensable damages under the CFAA.' [Citations.] The Court also ordered that '[t]he parties shall carefully review the Ninth Circuit's opinion and the record in this case to ensure that the parties argue only those issues that the Ninth Circuit ordered the district court to address on remand.'" *Facebook* at *6.

The language cited by HCP addressed defendant Power Venture's repeated attempt to re-open issues that had been decided and are put in context below:

> "Defendants also raise many other issues that have already been decided, and the Court will discuss these issues in detail below. However, as a general matter, the Court notes that issues that were previously resolved and were not raised on appeal are the law of the case and are not subject to relitigation absent a motion for leave to file a motion for reconsideration." *Facebook* at *7.

-14-

The Court's order refusing to allow the FAC to be filed due to futility was expressly overruled by the Ninth Circuit.  The Ninth Circuit held that Swoben can file the FAC in light of the additional detailed allegations showing "a strong factual basis" supporting the retrospective review allegations against HCP that met Rule 9(b) specificity requirements.  *Swoben,* 848 F.3d at 1181-1182.  In fact, *Facebook* actually supports Swoben's position because unlike Power Ventures raising "many issues that went beyond the scope of the Ninth Circuit's remand," *Facebook* at *6, Swoben's FAC was filed pursuant to the express scope of the Ninth Circuit's remand.  *Swoben,* 848 F.3d at 1182.

HCP's authorities are not applicable nor provide any support to its position. HCP's authorities stand for the proposition that when multiple claims are dismissed by the District Court, and the appellant seeks to overturn the dismissals but fails to address one of his dismissed claims on appeal, on remand the appellant cannot raise that unaddressed dismissed claim in the District Court.  Here, Swoben did not seek to overturn the Court's dismissal of his TAC.  Rather, Swoben appealed the Court's refusal to permit him leave to file a FAC, which addressed, among other things, the Rule 9(b) specificity reasons in the Court's July 30, 2013 Order (ECF No. 133).[7]  Given that the FAC contains additional detailed allegations against HCP not found in  the TAC, the Rule 9(b) dismissal of the TAC cannot be law of the case as to the FAC which the Ninth Circuit held "satisfies Rule 9(b) with respect to United Healthcare and HealthCare Partners," as well as Rules 8 and 12(b)(6).  *Swoben*, 848 F.3d at 1182, 1184.

E.    <u>ALTERNATIVELY, SWOBEN SHOULD BE GRANTED LEAVE TO FURTHER AMEND HIS COMPLAINT</u>.

Leave to amend a complaint "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "The standard for granting leave to amend is generous." *Balistreri*

---

[7]See fn. 6, above.

1    *v. Pacifica Police Dept.,* 901 F.2d 696, 701 (9th Cir. 1990).

2        "The court considers five factors in assessing the propriety of leave to

3    amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment,

4    and whether the plaintiff has previously amended the complaint." *U.S. v. Corinthian*

5    *Colleges,* 655 F.3d 984, 995 (9th Cir. 2011).  Here, there is no evidence of bad faith,

6    undue delay, prejudice to the opposing parties, nor futility of amendment.  Although

7    Swoben filed his first, second and third amended complaints, such amended complaints

8    were filed to clarify or add allegations and claims, and/or add new defendants while this

9    action was under seal.[8]  Those amended complaints were NOT filed in response to

10   pleading motions.  Only the FAC was filed in response to defendants' motions to

11   dismiss.

12       Leave to amend should be denied only if the court determines that "allegation(s)

13   of other facts consistent with the challenged pleading could not possibly cure the

14   deficiency." *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393,

15   1401 (9th Cir. 1986).

16

17                                    V.

18                               CONCLUSION

19       The Fourth Amended Complaint relates back to the Third Amended Complaint

20   because both are based upon the same fraudulent one-sided retrospective review

21   scheme.  Fed.R.Civ.P. 15(c).

22       In spite of HCP's assertions, 31 U.S.C. § 3731(b)(2) is not a statute of repose.

23   Even if it is, it does not bar the Fed.R.Civ.P. 15(c)'s relation back application to the

24   Fourth Amended Complaint.

25   _____

26       [8]As discussed in Section III, above, the original Complaint did not allege claims against any of the moving defendants.  The FAC added retrospective review "Up-Coding" claims against Secure

27   Horizons.  The SAC only revised or added allegations against SCAN, and not the moving defendants.  The subject TAC added retrospective review "Up-Coding" claims against Secure Horizons,

28   Wellpoint, Aetna, Health Net, and HealthCare Partners.

OPPOSITION TO MOTION TO DISMISS
CV09-5013 JFW(JEMx)

1       Last, Swoben did not waive the reverse false claims allegations.

2       Accordingly, Swoben respectfully requests that HCP's motion to dismiss be

3 denied in its entirety.

4                  THE ZINBERG LAW FIRM
A Professional Corporation

5

6                  THE HANAGAMI LAW FIRM
A Professional Corporation

7

8 Dated: August 22, 2017      By:/s/William K. Hanagami

9                  William K. Hanagami
Attorneys for Plaintiff and Qui Tam Relator,
James M. Swoben

10 Opposition to MTD.P02.wpd

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-17-